## COUNTIES OF HAMPSHIRE, FRANKLIN, AND HAMPDEN, SEPTEMBER TERM 1850, AT NORTHAMPTON.

[CONTINUED FROM VOLUME V.]

PRESENT:

HON. LEMUEL SHAW, CHIEF JUSTICE.
HON. CHARLES A. DEWEY,
HON. THERON METCALF, } JUSTICES.
HON. RICHARD FLETCHER,

The cases from the county of Hampden, commencing on page 34, were argued at the sittings in Boston, in January, 1851.

### GARDNER HUNT *vs.* CHARLES MOORE.

Where it was agreed between the owner of a farm and the intended purchaser thereof, that in consideration of the conveyance, the latter should bind himself to support the former and his wife during their lives, and after his decease to pay his estate a certain sum; and, in pursuance of this agreement, the owner of the farm conveyed the same in fee, and received back a deed thereof from the purchaser to himself and his wife for their lives; but the grantee refused. though requested, to give any obligation to support the grantor and his wife or to pay the sum agreed upon to his estate after his death; it was held, that these facts did not create a resulting trust.

THIS was a bill in equity, in which the plaintiff alleged, that in February, 1847, he made an oral agreement with the de-

fendant, that the plaintiff should convey his farm to the defendant, in consideration for which conveyance, the defendant agreed that he would " obligate " himself to furnish a suitable, proper, and comfortable support to the plaintiff and Lydia, his wife, in sickness and in health, during the term of their natural lives, and would also " obligate " himself to pay to the estate of the plaintiff, at his decease, the sum of five hundred dollars; that in pursuance of this agreement the plaintiff conveyed his farm by warranty deed to the defendant in fee, and the defendant, at the same time, made and delivered a quitclaim deed of the same to the plaintiff and his wife, to be held by them for and during the term of their natural lives; that the magistrate who drew the deed was then interrupted, and could make no farther or other papers at that time; that within a few days after this, the plaintiff requested the defendant to give him the obligation necessary to secure the support of the plaintiff and his wife during their natural lives, and the payment to be made to the estate of the plaintiff, after his decease, of the sum of five hundred dollars; that the plaintiff had since frequently made a like request; and that the defendant had wholly refused to give such obligation, and had not furnished support to the plaintiff and his wife, according to the agreement, and had refused to reconvey the estate to the plaintiff, though requested so to do; but had held and now held the legal title to the estate under the plaintiff's deed, without any good, legal, or valuable consideration, and by fraud.   The prayer of the bill was that the defendant might be decreed to reconvey the estate to the plaintiff, and for other and further relief.

The defendant demurred generally.

*G. Grennell,* for the defendant.

*G. T. Davis* and *E. Dickinson,* for the plaintiff.

FLETCHER, J.   It is maintained, on the part of the defendant, that the bill discloses no ground of jurisdiction in equity in this court.   For the plaintiff, it is maintained, that this court has jurisdiction of the case, on the ground of trust.   It is admitted that no express trust is set out; but it is insisted, that the bill discloses a resulting trust by implication of law.

Hunt *v.* Moore.

To support this position, it should appear, from the facts set out, that when the conveyance was made by the plaintiff to the defendant, though it was absolute and unconditional in form, yet that by reason of the facts alleged, the defendant became thereby the trustee of the legal estate for the plaintiff, and was bound to convey it to him. Now the facts alleged in the bill, instead of supporting, most manifestly and conclusively repel, the idea of any resulting trust.

The bill alleges, in the most explicit terms, that the estate was conveyed to the defendant for the express purpose of giving the legal title to him, for his own use and benefit as a purchaser for a valuable consideration, fully and conclusively agreed on by the parties. There surely can be no trust of the legal estate, in favor of the plaintiff, resulting by implication of law from these facts. In truth, the charge against the defendant in the bill is, that he has failed to pay the consideration for the estate as a purchaser, and according to the agreement between the parties.

The bill alleges, that the defendant holds the legal title to the premises under the plaintiff's warranty deed, without any good, legal, or valuable consideration " and by fraud." But this court, as a court of equity, has no jurisdiction of fraud as a distinct head of equity jurisdiction ; though in cases in which the court has jurisdiction, it can deal with matters of fraud which may arise incidentally. This court cannot take jurisdiction of the case, as of a suit for the specific performance of a contract; as the jurisdiction under that head is limited to written contracts, and this case is not within that class. Though a court having full equity powers might perhaps afford the plaintiff relief, yet the case clearly does not come within the limited equity jurisdiction of this court.*

*Bill dismissed.*

---

* See the case of *Livermore* v. *Aldrich,* 5 Cush. 431.