TOTTEN & COMPANY, plaintiffs in error, *vs.* W. H. TISON, *et al.*, defendants in error.

The Rome Iron Manufacturing Company was authorized by an act of the legislature to borrow money and to secure the loan by mortgage of the corporate property. To effect this loan, certificates of stock were prepared, each bearing an indorsement that they represented preferred stock, with a guaranty of fifteen per cent. annually, for two years, when they were to be *redeemed* or converted into common stock, at the option of the holder, and

Totten & Company *vs.* Tison *et al.*

also that they were secured by first mortgage bonds of the same amount held as collateral in the hands of trustees. The loan was obtained by selling these certificates at par, secured by mortgage as stipulated. After the expiration of two years, the company being unable to pay the certificates, they were, by agreement with the company, exchanged by the holders for the mortgage bonds, which were delivered to the holders, and the scrip for the stock surrendered and canceled. The owners of these certificates never took any part, or voted, in any meetings of the company, nor were they ever entered on the books as stockholders, and the amount of scrip issued to them did not make the stock of the company in excess of what it was authorized to issue. By all the resolutions of the directors, and of the company in convention in reference to the transaction, it was recognized and ordered, as a means adopted to effect the loan authorized by the act of the legislature, and nothing appeared showing fraudulent intent on the part of the company, or the bondholders, as against other creditors. The company subsequently became insolvent, and its assets placed in the hands of a receiver:

*Held*, that in a contest between creditors over the assets, the holders of the mortgage bonds were entitled to claim as *bona fide* creditors.

Corporations. Preferred stock. Debtor and creditor. Before Judge UNDERWOOD. Floyd Superior Court. July Term, 1874.

This case is sufficiently reported in the above head-note.

DABNEY & FOUCHE, for plaintiffs in error.

SMITH & BRANHAM, for defendants.

TRIPPE, Judge.

We recognize the ordinary rule in reference to preferred stock as it is usually issued. The preference that the holders of such stock have, is the right to receive dividends from the earnings of the company before the common stock can share in such earnings. Other priorities may attach to this stock as between the stockholders themselves, but neither class of stockholders can, as such, claim a lien as against a creditor. But we rest the decision we render, affirming the judgment of the superior court, upon the special facts of this case. Those facts are pretty fully set forth in the head-note. Under them, the defendants in error did not claim as stockholders, or mem-

Totten & Company *vs.* Tison *et al.*

bers of the corporation, nor were they stockholders. What they may have been whilst they held the scrip originally issued to them, it is not necessary to determine. By virtue of an act of the legislature, the company, in the execution of the power granted, adopted this mode of securing a loan. It at last resulted in making these defendants mere creditors— the holders of the bonds of the company secured by a mortgage. Their money was obtained for those certificates at par, under a written guaranty that it was secured by first mortgage bonds, and that at the end of two years the holders thereof should have the right to demand a redemption of the certificates. After the expiration of two years, the company being unable to redeem, the certificates were surrendered and canceled, the holders of them received the mortgage bonds, and now assert their rights under these bonds. The whole action of the company, every resolution adopted by it, or report made in reference to this transaction, treated it as a means for effecting the loan authorized by law. No fraud was alleged against the company or these creditors, and we cannot see why they should be denied that character. This right was recognized in the case of Taft *vs.* Hartford, Providence & Fishkill Railroad Company, 8 R. I., 310. The stock issued contained a stipulation that it was entitled to preferred and guaranteed dividends at the rate of ten per cent. per annum, payable semi-annually, before any dividends shall be paid on any other stock in said company. The holders of this stock brought suit to enforce the payment of the ten per cent. dividends, though no dividends had been earned, and the issue was, could they claim as creditors to that extent. Though it was held they could not, and their rights could only be enforced against the earnings of the company, BEARDS-LEY, Chief Justice, in pronouncing, said: "The question presented is, what is the meaning and engagement of the company as expressed in these words? The relations between these parties are obviously those between shareholders and the corporation. They are not, on the face of the contract, those of creditor and debtor. A corporation may issue bonds or

other obligations convertible at certain times and upon certain conditions into stock. It may issue stock, as in this case, redeemable at a certain time and upon certain conditions. But until such a change is made the original relation remains. A holder of the stock retains his right to share in the management of the corporation and to participate in its profits. He is not its creditor by virtue of this relation. If he is to be constituted its creditor, there are well-known modes and words by which that relation can be expressed." In the case at bar this relation of creditor was stipulated for in the original contract between the parties, and it was agreed that as the company had borrowed the money of defendants in error, the latter should, for two years, receive a certain per cent., and could then become ordinary shareholders if they chose, or could demand that their money be paid back by the redemption of their certificates. The latter mode was adopted, and instead of the money, the bonds and the mortgage which were originally executed for their security were substituted for the certificates. This made them *bona fide* creditors, for it does not even appear that the company was insolvent at the time. We repeat, that under the authority given by the legislature, and the terms on which it was carried out, the bonds, with the priority secured by the mortgage, are good in the hands of these parties: See 32 N. H., 545; 35 Vermont, 545.

Judgment affirmed.