GORHAM D. WILLIAMS *vs.* BOWDOIN S. PARKER & others.

Franklin.    September 19, 1883. — January 7, 1884.

A corporation was authorized by statute to issue preferred stock, not to exceed a certain number of shares, giving its guaranty that each share of such stock should receive semiannual dividends of a certain number of dollars on each share.  The statute further provided that such stock should not be issued until the corporation had received a certain sum for each share ; that the stock might be exchanged for common stock, but not within a stated time preceding the making of a dividend ; and that, upon the dissolution or termination of the corporation, the holders of preferred stock were entitled to be paid in full next after the payment of debts, and before any payments to the holders of the common stock.  *Held,* that the guaranty of dividends on the preferred stock was an absolute one, and not conditional upon the earning of sufficient profits by the corporation.

BILL IN EQUITY, alleging that, on August 13, 1851, certain persons named organized, under the laws of the Commonwealth, as a corporation, under the name of the Greenfield Tool Company; that they and their successors transacted business as such corporation at Greenfield from that date until January 12, 1883; that by the St. of 1855, *c.* 143,* the corporation was authorized

---

* The St. of 1855, *c.* 143, is as follows:

" Section 1.   The Greenfield Tool Company, a corporation organized and doing business in Greenfield, under the act relating to joint stock companies, passed May 15th, 1851, is hereby authorized to issue preferred stock, not to exceed two hundred and fifty shares, the said company to give its guaranty that each share of said stock shall receive semiannual dividends of four dollars on each share: provided, that no share of such preferred stock shall be issued until the said company shall receive one hundred dollars therefor.

" Section 2.   No dividends to exceed four dollars on a share, semiannually, shall be made on such preferred stock under any circumstances, but any

to issue preferred stock not to exceed 250 shares, giving its guaranty that each share of said stock "shall receive semi-annual dividends of four dollars on each share;" that the corporation issued such preferred stock; that the business of the corporation, during the greater portion of the time since its organization, had been unprofitable, and its liabilities exceeded its assets by a large sum; that the defendants, who were holders of shares of said preferred stock, had received dividends of four dollars a share semiannually since the issue thereof; that, on January 12, 1883, the corporation, by vote of its stockholders, filed its petition in insolvency; and that, at the first meeting of the creditors, the plaintiff was chosen assignee of the estate of the corporation, and accepted the trust.

The prayer of the bill was that the defendants might be required to pay to the plaintiff, as assignee, all moneys of the corporation paid to them as dividends on the shares of preferred stock held by them, at any time when there were no profits accrued to the corporation from which dividends could rightfully be paid; and for other and further relief. The defendants demurred to the bill, for want of equity.

Hearing on bill and demurrer before *W. Allen,* J., who reserved the case for the consideration of the full court.

---

holder of such preferred stock may, at any time, surrender the whole or any part of the preferred stock held by him, and receive an equal number of shares of stock not preferred in place thereof: provided, that no such exchange shall be made within two months next preceding the making any dividends as aforesaid.

"Section 3. Nothing contained in this act shall be construed to take away any individual liability of any officer or member of said company for the debts or any debt of said company, nor to impair any right or remedy of any present or future creditor of said company, nor to give to said company any right or privilege except that to issue preferred stock as aforesaid.

"Section 4. In case of a dissolution or termination of said company, the holders of preferred stock shall be entitled to payment of the same in full next after payment of the debts of the company, and before any payments to the holders of stock not preferred.

"Section 5. This act shall take effect when accepted by the stockholders of said Greenfield Tool Company, at a meeting regularly called for that purpose, by an affirmative vote of not less than seven-eighths of the stock represented at such meeting."

*B. S. Parker & F. G. Fessenden*, for the defendants.

*G. D. Williams*, *pro se*, cited *Allen* v. *Herrick*, 15 Gray, 274, 281; *Williston* v. *Michigan Southern & Northern Indiana Railroad*, 13 Allen, 400, 405; *Taft* v. *Hartford, Providence & Fishkill Railroad*, 8 R. I. 310; *Lockhart* v. *Van Alstyne*, 31 Mich. 76; *Stringer's case*, L. R. 4 Ch. 475; *Rance's case*, L. R. 6 Ch. 104, 117; *In re National Funds Assur. Co.* 10 Ch. D. 118; *In re Alexandra Palace Co.* 21 Ch. D. 149; *Evans* v. *Coventry*, 8 De G., M. & G. 835, 845.

FIELD, J. The question which underlies all others in this case is whether the guaranty that each share of the preferred stock "shall receive semiannual dividends of four dollars on each share" is an absolute guaranty, or is conditional upon the earning of sufficient profits by the corporation. This depends upon the construction to be given to the St. of 1855, c. 143. No condition is expressed in the statute, and the natural meaning of the words used is, that the corporation is to guarantee to each holder of preferred stock that he shall, while the corporation does business, receive semiannual dividends of four dollars on each share; so that, if the net earnings of the corporation are insufficient to pay such dividends, the corporation shall make good the difference out of any property it has. If the Legislature had intended that the holders of preferred stock should only be entitled to a preference over the common stockholders in dividends to the extent of four dollars semiannually on each share, and should never receive a greater dividend than this, it would have been easy to express this intention accurately; and the only guaranty required of the corporation would have been, that it should appropriate the net earnings first to the payment of a dividend of four dollars semiannually upon each share of the preferred stock. The preferred stock authorized by this statute has some of the characteristics of stock, and some of the characteristics of a debt of the corporation; the corporation is authorized to guarantee a fixed, semiannual dividend upon the preferred stock, which is all the dividend that can under any circumstances be paid upon it. This stock is not to be issued until the company has received $100 a share therefor; it may be exchanged for common stock, but not within two months next preceding the making of a dividend; and, upon the

dissolution or termination of the corporation, the holders of preferred stock are entitled to be paid in full next after the payment of debts, and before any payments to the holders of the common stock.

The St. of 1855, *c.* 143, which was a special act, was followed by the St. of 1855, *c.* 290, which applied to all corporations then or thereafter established within the State. This last act authorized the issue of general and special stock, and the special stock was made subject to redemption, at par, after a fixed time to be expressed in the certificate; and the act also provided that " Holders of such special stock shall be entitled to receive, and the corporation shall be bound to pay thereon, a fixed half-yearly sum or dividend, to be expressed in the certificate, not exceeding four per cent, and shall in no event be liable for the debts of the corporation beyond their stock. Holders of such general stock shall be, jointly and severally, individually liable for all the debts of the corporation until such special stock shall be redeemed in full." See Gen. Sts. *c.* 60, § 12; Sts. 1862, *c.* 218, § 2, *cl.* 4; 1870, *c.* 224, § 25; Pub. Sts. *c.* 106, § 42; *Allen* v. *Herrick*, 15 Gray, 274. The general legislative policy of the Commonwealth thus appears to be that holders of special stock shall be regarded as creditors of the corporation for the dividends guaranteed, which have become payable; and a similar construction must be given to the St. of 1855, *c.* 143. The defendants, so far as appears by the bill, rightfully received the dividends paid them. See *Rutland & Burlington Railroad* v. *Thrall*, 35 Vt. 536.

The cases cited, in which either the preferred stock was issued without statutory authority, or the dividends thereon by the terms of the promise or guaranty were held to be, either expressly or impliedly, payable out of the net earnings of the corporation, afford but little aid in the construction of the St. of 1855, *c.* 143.

In the opinion of a majority of the court, the demurrers must be sustained, and the *Bill dismissed.*