LEWIS L. P. ATWOOD & another vs. EMMIE L. DUMAS.

Suffolk.   March 6, 1889. — May 9, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Trustee Process — Shares in Co-operative Bank — Notice.*

A co-operative bank is chargeable in a trustee process as the trustee of a member
at the withdrawal value of his shares, although he has given it no notice of his
desire to withdraw such shares.

TRUSTEE PROCESS.   The West Roxbury Co-operative Bank,
summoned as trustee, in answer to interrogatories filed by the
plaintiffs, answered as follows:

" And now comes Benjamin H. Jones, secretary of said West
Roxbury Co-operative Bank, and answers as follows:

" 1. The trustee is a corporation organized and doing busi-
ness under chapter 117 of the Public Statutes, and the acts
and amendments in addition thereto, and under its by-laws duly
established; and the defendant is not a depositor in such cor-
poration, but is a holder of nine shares in the twelfth series in
such corporation, and, by statute and by the by-laws of the cor-
poration, is required to pay to the corporation, as a contribution
to its capital, one dollar per month as dues upon each share
held by her until each share reaches the ultimate value of two
hundred dollars, or is withdrawn, cancelled, or forfeited, as pro-
vided by law.

" 2. Upon the shares held by her, the defendant has contrib-
uted, or caused to be contributed, in monthly payments to the
corporation, under the statute and its by-laws, and as dues on
her shares, in all, the sum of sixty-three dollars.

" 3. The books and accounts of the corporation were and are
kept according to the requirements of the statutes relating to
such corporations, and a certain pass-book was issued or given to
the defendant for convenience in keeping the accounts, in which
pass-book and on the books of the corporation are entered, or
intended to be entered, all sums paid by the defendant as holder
of such shares in the corporation as contributions to the capital
of the corporation, or dues on the shares so held by her; and

no moneys were credited to her except so far as moneys paid by her upon or towards the payment of the shares held by her may be called credits.

" 4. The said corporation has received from the defendant no deposits, properly so called, but has received from her in all the sum named in the answer to Interrogatory 2, as dues on the shares held by her and as a contribution to its capital, and the moneys so received belong to the corporation, and are mingled with its other moneys and loaned to its members according to the provisions of law relating to such corporations.

" 5. There was nothing due from the corporation to the defendant at the time of the service of process upon it. The ultimate value of each of the shares held by the defendant will be two hundred dollars; but when the value of each of such shares will reach that sum cannot now be stated. The withdrawal value of the shares at the present time is sixty-two and $\frac{66}{100}$ dollars; but the same can only be withdrawn upon the provisions of law relating to such corporations and in accordance with the by-laws of the corporation; and the corporation, summoned as trustee in this case, denies that it can be charged as trustee for or on account of any money paid it by the defendant on the shares held by her."

In the Superior Court the defendant was defaulted, and the trustee was discharged; and the plaintiffs appealed to this court.

*N. C. Berry & J. K. Berry*, for the plaintiffs.

*C. G. Keyes*, for the trustee.

HOLMES, J. It appears from the answers of the corporation summoned as trustee, that it was organized and does business under the Pub. Sts. c. 117; St. 1882, c. 251; St. 1883, c. 98; St. 1885, c. 121; St. 1887, c. 216; that the defendant is a member and holder of nine shares in it, upon which she has paid as dues sixty-three dollars, and that the withdrawal value of the shares is sixty-two dollars and sixty-six cents. The question is whether this sum can be reached by trustee process, or whether the shares can be attached only in the mode provided by the Pub. Sts. c. 161, §§ 71–73, for attaching the shares of a stockholder in a corporation.

If the latter method had been resorted to, it might be argued, no doubt, that as the defendant is a member of the corporation,

and as the statute calls her interest "shares," she is brought expressly within the words of c. 161, §§ 71–73, providing how her shares may be attached. We express no opinion upon that question. But the interest of the member of a corporation of this kind is of a peculiar nature. And it does not follow, because the defendant is a member, that she may not be a creditor also in respect of her money paid in, subject to any lawful deductions incurred under the statute. See, e. g., *Williams* v. *Parker*, 136 Mass. 204.

Co-operative institutions like the one before us seem first to have appeared as voluntary unincorporated associations. St. 1854, c. 454, § 5. *Merrill* v. *McIntire*, 13 Gray, 157. *Baxter* v. *McIntire*, 13 Gray, 168. *Delano* v. *Wild*, 6 Allen, 1. The incorporation of them simply facilitates carrying out the purposes for which they are formed: on the one hand, of advancing the funds contributed by the members to such of them as make the best offers; and on the other, of dividing the profits, if any, among the shares. In the latter aspect these corporations resemble savings banks, and have been made more and more like them by legislation. They stand in the same relation to the commissioners of savings banks. Pub. Sts. c. 117, § 20. They are subject to similar restrictions as to land purchased by them on foreclosure. § 19. They are required to reserve a guaranty fund from net profits. St. 1885, c. 121. See Pub. Sts. c. 116, § 24. Since the St. of 1883, c. 98, they are called banks. The so called shares are represented, not by certificates of stock, but by entries in a pass-book. Pub. Sts. c. 117, § 17. And the value of them is determined by the amount paid in, plus profits and less fines and losses. When the shares reach the ultimate value of two hundred dollars, they are not to be kept as full paid shares, but are to be paid off. Pub. Sts. c. 117, §§ 7, 9.

By the St. of 1887, c. 216, § 2, (Pub. Sts. c. 117, § 8,) " A member may withdraw his unpledged shares at any time by giving thirty days' notice." That is to say, the member has a right to demand back the money he has paid to the corporation, together with any profits which may have accrued, deducting fines and his share of losses, and this right is one of the terms on which he paid. At the same time, he has no claim to a specific fund. The money which he pays in becomes the money of the

corporation, as in the case of a banker, and in this case the trustee states that it has used the money paid by the defendant as its own. So far, the relation between the corporation and the defendant is that of debtor and creditor, or at least constitutes a contractual or quasi contractual obligation to pay money, by whatever name it may be called in the statute. See *Burt* v. *Rattle*, 31 Ohio St. 116, 130 ; *Totten* v. *Tison*, 54 Ga. 139. The fact that the defendant had not given the required notice does not affect the question. *Clapp* v. *Hancock Bank*, 1 Allen, 394.

It is true that no more than one half of the funds in the treasury are applicable to the demands of withdrawing members without the consent of the directors. But it is equally true that the liability of a mutual insurance company for a loss is confined to a specific and limited fund. *Commonwealth* v. *Massachusetts Ins. Co.* 112 Mass. 116, 121. So is that of a savings bank. So, indeed, in a sense, is that of every corporation ; since a corporation has no body which can be taken on execution. It would not be argued that a mutual insurance company or a savings bank could not be trusteed. Pub. Sts. c. 183, § 33. The trustee does not allege in its answer that the funds are insufficient in fact.

By the statute of 1887 there are to be deducted from the amount standing to the credit of the shares to be withdrawn all fines, and a proportionate part of any unadjusted loss, together with such proportion of the profit previously credited to the shares as the by-laws may provide. But these sums are all capable of ascertainment, and are ascertained by the trustee's answer. The statute provides that the shareholder " shall be paid the balance " thus ascertained. We are of opinion that the shareholder's right to this balance is a credit, or that the balance is " money due the defendant " subject to be taken by trustee process. Pub. Sts. c. 183, §§ 21, 25. See *Gray* v. *Bennett*, 3 Met. 522, 526.

*Trustee charged.*