LEWIS L. P. ATWOOD & another *vs.* WEST ROXBURY
CO-OPERATIVE BANK.

Suffolk.   March 1, 1892. — March 30, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Trustee Process — Bond — Scire Facias.*

In *scire facias* for judgment and execution against a party who was held charged
as trustee in a former action, it is no defence that the defendant in such action
gave bond under the Pub. Sts. c. 183, § 71, which provides for the giving a
bond by "any person having an interest by assignment or otherwise in money
or credits attached by trustee process in an action against another." A defend-
ant can dissolve an attachment only by giving bond under the Pub. Sts. c. 161,
§ 122, conditioned to pay the amount that the plaintiff may recover.

SCIRE FACIAS for a judgment and execution against the de-
fendant as the trustee of the plaintiff in *Atwood* v. *Dumas*, 149
Mass. 167.   The Superior Court charged the defendant trustee
in the original suit, and ordered judgment thereon; and the de-
fendant trustee appealed to this court.

*N. C. Berry*, for the plaintiffs.

*C. G. Keyes*, for the trustee.

HOLMES, J.   It was decided in *Atwood* v. *Dumas*, 149 Mass.
167, that the present defendant was chargeable in trustee pro-
cess in a suit against Dumas.   The present proceeding is *scire
facias* under the Pub. Sts. c. 183, § 50, for a judgment and exe-
cution against the trustee.   The defence relied on is that a bond
to dissolve the attachment was given by Dumas under the Pub.
Sts. c. 183, § 71.   But that section does not authorize defend-
ants in trustee suits to give the kind of bond which it contem-
plates.   The bond contemplated by that section, and given in
this case, is conditioned to pay the sum for which the trustee
may be charged, not exceeding the value of the property in his
hands, etc.   If a defendant wishes to dissolve an attachment,
he can do so by giving a bond conditioned to pay the amount
that the plaintiff may recover.   Pub. Sts. c. 161, § 122.   But
the provision of the Pub. Sts. c. 183, § 71, is in favor of "any
person having an interest by assignment or otherwise in money

or credits attached by trustee process in an action against another," not of a defendant wishing to dissolve an attachment in an action against himself. The reason for the difference in the extent of the undertaking required is obvious. The plaintiffs have done nothing to estop them from asserting the trustee's liability. The amount for which the defendant is chargeable was settled by its answers to interrogatories in the original action, and is admitted by its answer here, stating that it paid over to the defendant Dumas the moneys in its hands belonging to her, to wit, sixty-two dollars and sixty-six cents. See Pub. Sts. c. 183, § 52; *Atwood* v. *Dumas*, 149 Mass. 167, 168, 170; *Brown* v. *Tweed*, 2 Allen, 566. *Judgment affirmed.*