MICHAEL R. DALEY *vs.* PEOPLE'S BUILDING, LOAN, AND SAVINGS ASSOCIATION.

Bristol.   October 26, 1898. — February 28, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Corporation — Covenant — Evidence.*

A corporation issued a certificate that a person was a shareholder therein, containing a covenant to pay him one hundred dollars a share, five years from date, and stating that the sum was "payable in the manner and upon the conditions set forth in the articles of association and by-laws and terms and conditions printed" thereon. The statute of incorporation stated the final purpose of the corporation to be that "of accumulating a fund to be returned to its members . . . when the funds of such association shall amount to a certain sum per share, to be specified in the articles of association," one of which provided that "whenever the dues paid and dividends declared shall equal the par value of the shares held by any shareholder, said shares of stock shall be cancelled," and he "shall be entitled to receive . . . the par value of the shares named, . . . and no more." *Held*, in an action upon the covenant, that the covenant was not absolute, and that evidence that there were withdrawals of other members on file, that the corporation had suffered losses since the certificate was issued, and that the directors had taken steps to reduce the assets, was admissible.

CONTRACT, upon a covenant contained in a certificate issued by the defendant corporation to the plaintiff. At the trial in the Superior Court, before *Hopkins*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*C. M. Elliott* of New York, (*H. L. Phillips* with him,) for the defendant.

*C. R. Cummings*, (*E. Higginson* with him,) for the plaintiff.

HOLMES, J. This is an action upon a covenant to pay one hundred dollars a share, five years from date, contained in a certificate that the plaintiff is a shareholder in the defendant corporation. At the trial the defendant offered evidence that there were withdrawals of other members on file, that the corporation had suffered losses since the certificate was issued, and that the directors had taken steps to reduce the assets, the object being, of course, to show that the corporation had not funds applicable to the payment of the alleged debt. The evidence was rejected. The defendant also moved for a nonsuit, on the ground that by the conditions of the contract any action brought by a shareholder was required to be brought in the county of Ontario, in the State of New York. This was refused. The plaintiff had a verdict, and the case is here on exceptions.

As we understand that a decision upon the first point mentioned is likely to dispose of the case, we shall confine ourselves to that, and shall not decide the second, although, if we were prepared to assent to the defendant's contention without further consideration, it would be logical to dismiss the plaintiff to New York. Compare *Nute* v. *Hamilton Ins. Co.* 6 Gray, 174, 179, 184, with *Greve* v. *Ætna Live Stock Ins. Co.* 81 Hun, 28.

With regard to the evidence offered, the plaintiff takes the preliminary objection that it does not appear what the defendant expected to prove. *Shinners* v. *Proprietors of Locks & Canals*, 154 Mass. 168, 169. But the rule referred to is a rule of substance, not of form. There must be reasonable ground to believe that the excepting party has been harmed by the exclusion of a question, but there need not be a formal tender of proof. In this case, the series of questions put and excluded showed the defendant's purpose and expectation so clearly that it would be unjust not to deal with the offer of evidence on its merits.

On the merits the plaintiff's position is that he has an abso-
lute covenant, and that that is the end of the matter.   But we
are of opinion that the case cannot be disposed of so simply.
By the express words of the certificate, the sums promised are
" payable in the manner and upon the conditions set forth in the
articles of association and by-laws and terms and conditions
printed on the back of this certificate."   By the law and with-
out express words the contract is subject to the statute under
which the defendant is incorporated, and will be construed with
reference to it.   *Hutchins* v. *New England Coal Mining Co.* 4
Allen, 580, 582.   Thomp. Corp. §§ 1136, 1137.   The exceptions
state that this statute was put in evidence, and we assume that
it was intended that we should refer to it.

Upon looking at the statute, Laws of New York, 1851, c. 122,
§ 1, we find that the final purpose of such association is stated
to be that " of accumulating a fund to be returned to its mem-
bers, who do not obtain advances as above mentioned, when the
funds of such association shall amount to a certain sum per
share, to be specified in the articles of association."   See also § 7.
The seventeenth article of association provides that " Whenever
the dues paid and dividends declared shall equal the par value of
the shares held by any shareholder, said shares of stock shall be
cancelled " and the shareholder " shall be entitled to receive . . .
the par value of the shares named, . . . and no more."   The
sum specified in the covenant is the par value of the shares, and,
considering that the covenant is made with a shareholder, we
think it tolerably plain that it must be read as subject to the
implication of the statute and the articles, and must be taken as
binding the corporation only to the extent of the funds accumu-
lated and available by the articles for the cancellation of unre-
deemed shares.

The interpretation which we adopt would have strong reasons
in its favor, even if we did not have the words of the act before
us, — perhaps in view of the nature of the corporation (*Brett* v.
*Monarch Investment Building Society*, [1894] 1 Q. B. 367, 370)
even stronger reasons than those which induce courts generally
to limit a guaranty of dividends by a corporation to profits.
*Field* v. *Lamson & Goodnow Manuf. Co.* 162 Mass. 388, 393,
and cases cited.   And the ground for the last mentioned decis-

ions extends further than the mere use of the word "dividends," which has not prevented an undertaking specially authorized by statute being construed as absolute. *Williams* v. *Parker*, 136 Mass. 204. But in the case at bar, to quote the language of a decision of the Supreme Court of New York upon the point which we are considering, and with regard to the same corporation, " The authority to issue a certificate with a fixed period of maturity is not expressly given either by the statute or by the articles of association or by-laws of the association. We are of the opinion that the defendant did not possess the power or authority to issue a certificate specifying a fixed maturity period, and that the clause in the certificate in question should be construed as an estimated period of maturity." *O'Malley* v. *People's Building, Loan, & Savings Association*, 92 Hun, 572, 577. See *Engelhardt* v. *Fifth Ward Permanent Dime Saving & Loan Association*, 148 N. Y. 281 ; *Heinbokel* v. *National Savings, Loan, & Building Association*, 58 Minn. 340 ; *Texas Homestead Building & Loan Association* v. *Kerr*, 13 S. W. Rep. 1020.

The view which we take makes it unnecessary to consider whether the plaintiff was affected by the later changes in the articles of association and by-laws.

*Exceptions sustained.*