**BEST v. OKLAHOMA MILL CO. et al.**

No. 17147—Opinion Filed Nov. 9, 1926.

Rehearing Denied March 8, 1927.

1. **Corporations — Holder of "Preferred Stock"—Whether Stockholder—How Determined.**

What a certificate of preferred stock, so-called, is, as evidenced by its terms, and not what the parties designate it, must determine its character. Whether the holder of such instrument be a preferred stockholder or a creditor of the corporation must be determined, not by what the parties call it, but by what the facts in the particular case require the court to call it under the rules for construing contracts.

2. **Same—When Status as Creditor Rather than Stockholder.**

So-called stock may be issued in such a way and under such terms as to make the transaction strictly a borrowing, and the so-called certificate of stock an evidence of indebtedness, in which case the holder will become a creditor rather than a stockholder of the corporation.

3. **Same—When Holder Creditor—Construction of Instrument.**

Where one provision of a so-called certificate of preferred stock constitutes an unconditional and absolute obligation of the corporation to pay the par value thereof, and the other provisions of the instrument, construing the whole instrument together, do not restrict, qualify, or condition such promise, the holder is a creditor rather than a stockholder of the corporation notwithstanding certain provisions of the instrument are appropriate to a certificate of preferred stock proper.

4. **Same—Attributes of Stock—When Construed Creditor.**

Under the rule that instruments having attributes commonly attached to preferred stock as such will, where the rights of creditors are involved, be construed as stock unless a contrary intenetion clearly appears, the so-called stock certificate of this record, considered within its four corners, is held clearly to show such contrary intention.

(Syllabus by Estes, C.)

Commissioners' Opinion. Division No. 2.

Error from District Court, Kingfisher County; James B. Cullison, Judge.

Action by Daniel Best against Oklahoma Mill Company and Commerce Trust Company, a foreign corporation. From a judgment for defendants, plaintiff appeals. Reversed.

Lydick & McPherren, Morrison & Morrison, and M. E. Jordan, for plaintiff in error.

Boynton & Reilley, James E. Goodrich, H. G. Leedy, and I. P. Ryland, for defendants in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. Although each defendant is a corporation we shall refer to the mill company as the corporation, and the Commerce Trust Company as the trust company. On July 11, 1925, plaintiff sued defendants seeking judgment against the corporation for $20,000, and interest on four "certificates of preferred stock" for $5,000 each, dated March 2, 1920, and due respectively on February 1. 1925, 1926, 1927, and 1928, the certificates being of the same import except as to the due date, form of same being exhibited. The petition alleged that thereby the corporation became the debtor of the plaintiff, and bound itself to pay said sums absolutely with interest; that the corporation had paid all the interest due on said obligations to and including February 1, 1922, but that no interest had been paid since; that defendant corporation was engaged in the flour mill business, owning plants and elevators at Kingfisher and other towns in this state, and had issued $200,000 of so-called common stock and $85,000 of so-called preferred stock of the same terms and import as the plaintiff's, and had $200.000 of general liability; that about September 1. 1925, the corporation executed a mortgage to defendant trust company on all its property, real and personal, to secure an indebtedness to the trust company of $201,000, exhibiting such mortgage; that the trust company was thus claiming a first lien upon all of the property, but that its mortgage was null and void as to the claim of plaintiff, for that the certificates of plaintiff provided that the corporation shall not, without the written consent of the holders of the outstanding preferred stock, "create any mortgage or other lien upon any of the property. or other assets of the company for the purpose of securing an issue of bonds or other obligations of any character whatsoever"; that plaintiff had duly refused his consent to the mortgage of the trust company. and so notified the corporation and the trust company; that said mortgage was also void because the certificates of plaintiff provided that no bonds, notes, or other evidence of

indebtedness could be created by the corporation, maturing later than one year from date of their issue, without such written consent of plaintiff, and that said mortgage violated this provision. Plaintiff further averred that the corporation was about to pay the trust company $20,000 on the indebtedness, and had surrendered the control of the business to the trust company, and made certain allegations on which it claimed the right to have a receiver appointed for the property, alleging insolvency. Plaintiff's prayer was for judgment against the corporation for the $20,000 and interest, for accounting of the assets, and asked that the corporation be enjoined from paying the trust company any monies and for cancellation of said mortgage to the trust company. The corporation and the trust company filed their motions to strike from the petition all those allegations pertaining to the said mortgage of the trust company and its alleged invalidity and pertaining in any manner to the transactions between the defendants. These motions were sustained. Thereupon the court also sustained demurrers of defendants to the petition of plaintiff, and because plaintiff elected to stand upon his petition, judgment was rendered for defendants from which plaintiff has duly appealed, saving the record by proper exceptions. The first question to be determined, as conceded by all parties, is whether plaintiff was a stockholder of the corporation or a creditor. Evidently the trial court took the view that plaintiff was a stockholder, and had no rights as such either to seek judgment against the corporation for the consideration paid for his stock, or to interfere in any manner with the trust company as a creditor of the corporation under its mortgage. Plaintiff contends that he is a creditor only in consequence of the obligatory character of his certificates, and only as shown within the four corners thereof, thus requiring construction of the instrument. The four certificates are the same in form and import except as to the due dates and are as follows, except we have numbered the paragraphs for convenience:

"Certificate of Preferred Stock.

The Oklahoma Milling Company

Kingfisher, Okla.

"1. This is to certify, that Daniel Best is the owner of 50 shares of $100 each of the preferred stock of the Oklahoma Mill Company, fully paid and nonassessable, and transferrable on the books of this company by the holder thereof, in person, or duly authorized attorney, upon surrender of this certificate properly indorsed, before maturity.

"2. The holders of this issue of preferred stock shall be entitled to receive out of the surplus and net profits arising from the business of said company cummulative yearly dividends at the rate of 7 per cent. from the date of issuance of this certificate, payable semi-annually on the first days of February and August in each year.

"3. This certificate of preferred stock matures on February 1, 1925, and will be redeemed or retired by the Oklahoma Mill Company on that date by the full payment of the par value thereof, together with any cumulative dividends.

"4. No dividends shall at any time be payable, paid or set apart on the common stock of the Oklahoma Mill Company only as all due preferred sock has been redeemed, or all due preferred stock dividends paid, and after an amount has been set aside by the board of directors from the earnings of the company in a special fund sufficient in amount to redeem the preferred stock due the following year, and to pay all dividends that would be due on preferred stock during the following year. The preferred stock shall not be entitled to receive any dividends in excess of said cumulative dividends of 7 per cent, per annum. This certificate will be redeemed when due, and all dividends will be paid, at the office of the Collins Mortgage Company at Kingfisher, Okla.

"5. The company shall have the right to purchase and retire such preferred stock as it may desire on any dividend payment date by giving 30 days prior written notice duly mailed to the holder of such stock as shown on the records of the Collins Mortgage Company, the transfer agent. In case of such prepayment the preferred stockholders are to receive par value for their stock plus accrued dividends thereon.

"6. Upon any dissolution, liquidation or winding up of the corporation, whether voluntary or involuntary, there shall be paid to the holders of the preferred stock with all the net assets of the company, the par value of their shares and the amount of all unpaid and cumulative dividends thereon.

"7. The preferred stock herein provided for shall have no voting power, or any voice in governing the business of the company, except that the holders of said preferred stock shall have the same voting power at all regular and special stockholder's meetings as holders of the common stock, in the event of: (a) Nonpayment of preferred stock dividends from 30 days from due date; (b) nonpayment of matured stock from due date; (c) violation of restrictions on common stock dividends as hereinafter provided.

"8. The company shall not. without the written consent of the holders of the outstanding preferred stock, perform any of the following acts: First. dispose by sale, merger, lease or otherwise of the property or

business of the company in its entirety; second, create, issue or guarantee any bonds, notes or other evidence of indebtedness, secured or unsecured, maturing later than one year from date of issue; third, create any mortgage or other lien upon any of the property or assets of the company for the purpose of securing an issue of bonds or other obligations of any character whatsoever.

"8-a. The right and power of the holders of preferred stock to vote at regular and special stockholders' meetings on the conditions and under the circumstances herein set forth shall cease when and as soon as the defaults of the company herein set forth have been corrected.

"9. This certificate is subject to all the provisions and restrictions and is entitled to all the privileges contained in the resolution providing for the creation of preferred stock appearing in the minutes of a special meeting of the stockholders of the company held on the 14th day of February, 1920, A. D. This certificate is not valid until countersigned by the transfer agent."

1. In determining from said instrument whether plaintiff is a stockholder or a creditor of the corporation, we invoke certain general rules. The instrument will be construed considering all its provisions together, since the question to be determined arises only upon the face of the petition, facts dehors the instrument not being pleaded, such as charter provisions and resolution creating the stock. What the certificate is, as evidenced by its terms, and not what the parties designated it, must determine its character—not what the parties call it, but what the facts require the court to call it. Whether plaintiff is a stockholder or a creditor of the corporation depends upon the peculiar facts of this case, and, since we find no case involving the identical facts, the adjudication herein must depend upon the application of established general principles. Preferred stock is merely a particular class of capital stock, being differentiated from the ordinary stock, as endowed with some peculiar quality, but as against creditors, a holder of preferred stock cannot reach corporate assets. Armstrong et al. v. Union Trust & Savings Bank, 248 Fed. 268. One of the characteristics of capital stock is that no part of the property of a corporation shall go to reimburse the principal of capital stock until all debts of the corporation have been paid. Id. A preferred stockholder signifies his desire and purpose to participate in the venture of carrying on the business for which the company was incorporated, and his willingness to share in the profits and losses of the enterprise. He has a right to expect to share in whatever dividends may be declared on the stock after payment of the stipulated interest or dividends. He cannot except such dividends, and at the same time make the inconsistent claim that his certificate constitutes him a creditor. There is a sense in which any shareholder is a creditor of a corporation. In that sense every corporation includes its capital stock among its liabilities, but it is a liability which is postponed to every other liability.

2. It is said in 14 C. J. 416:

"But preferred stock, so-called, may be issued in such a way and under such terms as to make the transaction strictly a borrowing or raising of money, and the certificates thereof merely evidences of indebtedness, in which case the holders of the stock will become creditors of the corporation, like bondholders and not stockholders," citing Storrow v. Texas Compress, etc., Assn. 87 Fed. 612, 31 C. C. A. 139 (rev. on other grounds. Compress, etc., Assn. v. Storrow, 92 Fed. 5, 24 C. C. A. 182); Savannah Real Estate, etc. Co. v. Silverberg, 108 Ga. 281, 33 S. E. 908; Cook v. Equitable Bldg., etc., Assn., 104 Ga. 814, 30 S. E. 911; Totten v. Tison, 54 Ga. 139; Wright v. Johnston (Iowa) 167 N. W. 680; Heller v. National Mar. Bank, 89 Md. 602, 43 Atl. 800, 73 Am. S. R. 212, 45 L. R. A. 438; Williams v. Parker, 136 Mass. 204; Burt v. Rattle, 31 Ohio St. 116; Westchester, etc., R. Co. v. Jackson, 77 Pa. 321.

The third provision of the certificate, supra, is, an absolute and unconditional promise, of the corporation to redeem the stock of plaintiff on its due date, or maturity, to the extent of the par value and cumulative dividends, if there be any. It seems as absolute and binding as the obligation of a promissory note. We make this the ratio decidendi herein. This provision is inconsistent with and obnoxious to the theory that plaintiff is a preferred stockholder, for that a preferred stockholder, though having a preference over a common stockholder in distribution of assets, when he invests his money in the corporate stock of the company, takes the hazard of its success. He may lose his investment or he may gain back his investment and much more. That he is guaranteed the return of his principal is inconsistent with his being a stockholder at all, and is consonant with his status as a creditor or lender of money. It is held in Wright v. Johnston, supra, that a holder of so-called preferred stock, dividends on which were to be paid from profits or other assets on liquidation, or were payable at any time on notice by the corporation or the holder, since he does not share in the profits, was a creditor rather than a stockholder, and if the purpose in issuing such

stock, payable first from income and then from assets without sharing in the profits, was to permit the principal to be withdrawn before payment of corporate debts, the device was contrary to the nature of capital stock, opposed to public policy and void as to creditors affected thereby.

3. The first paragraph of the certificate, supra, naming the instrument preferred stock, is not conclusive per se that plaintiff is a stockholder. because the court must determine what the instrument really is from its terms. The second provision, sup.a. by which plaintiff is entitled to dividends out of the profits at said rate, is consistent with plaintiff being a. stockholder. However, by implication this right is contingent upon the existence of profits and not wholly inconsistent with the notion that plaintiff loaned the money to the corporation for the dividends thus to be paid, if any, as for interest on the loan, the dividends being limited to seven per cent. but not even guaranteed by the instrument. Likewise, the fourth provision giving preference to the plaintiff over the common stockholder is appropriate to preferred stock, and the setting aside of a special fund to redeem the specific undertaking by the dividends thereon not in excess of seven per cent., does not dest:cy or condition the absolute promise to pay. but provides a method of payment, and this is enforced by the further agreement therein that this certificate will be redeemed when due and all dividends that are accrued will be paid. The fifth paragraph, giving the corporation the option to prepay the stock, plus accrued dividends, is consistent with plaintiff being a stockholder, but does not negative in any manner the absolute promise to pay in the third paragraph. It amounts to an option to pay the principal before due with the added proviso that such prepayment must be equal par plus accrued dividends. The sixth paragraph is consistent with plaintiff being a stockholder by guaranteeing payment of the par value out of the assets. If it had been the intention of the parties that plaintiff become a creditor, this agreement was valid as between the stockholders, but void as to the creditors. The stockholders could, as between themselves. give a preferred stockholder such preference. If, at the time, it was the intention of the parties that plaintiff become creditor. then this agreement for payment from the assets was valid as against all the stockho'ders and would give plaintiff as such creditor priority over all the stockholders. Whether plaintiff is a stockholder or a creditor, and without begging the question, it is to be observed that this provision per se is not decisive either way, and when considered with all the other provisions of the instrument, does not seem to qualify or limit the absolute promise to pay. By the seventh paragraph, plaintiff is deprived of the voting power except on default in payment of dividends and his nonvoting status is returned when such default is cured. The general rule is stated in 14 C. J. 898, that in the absence of statutory or charter restrictions, such right to vote is an incident of ownership of stock. However, since no charter. provisions are pleaded authorizing such deprivation, and we have no statute so doing, such provision for nonvoting of plaintiff is more consonant with his being a creditor than a stockholder. Leastwise such provision by itself or with the other provisions, does not show that plaintiff is not a creditor. The eighth provision, that the corporation will not mortgage its property to secure any obligation whatsoever without the written consent of plaintiff—although same might sometimes obtain in favor of a stockholder—does not preclude plaintiff from being a creditor. By such agreement between the plaintiff and the corporation, it might be intended that plaintiff should be able to look to the assets of the corporation for the fulfillment of the agreement to pay, since by such agreement or certificate. the property and assets could not be disposed of or mortgaged to plaintiff's prejudice. It thus appears that while said certificate contains numerous provisions appropriate to preferred stock, none of these, construing the whole instrument together, are conclusive that the plaintiff purchased an interest in the company represented by said instrument, taking the hazard of never getting his money back. E converso, such provisions do not destroy, restrict, or condition the absolute promise to pay plaintiff found in the third paragraph. They do not show that the plaintiff is not a creditor. As pointed out, some of these may provide additional and cumulative methods for paying plaintiff. We conclude, therefore, under the well-known rules of construction, that plaintiff was a creditor rather than a stockholder. As supporting this view generally, see the authorities cited supra. We think the following from Cook v. Equitable Building & Loan Assn.. supra, is applicable in the case at bar:

"The holder of this stock has really no interest in the profits or losses of the business of the association. The association can never be under any obligation to pay him more than it has actually received from

him, with interest, nor can it ever discharge its obligation to him by paying him less. We cannot possibly distinguish this from any other case of borrowing and lending money."

Defendants contend that Spencer v. Smith, 201 Fed. 647, is authority otherwise. It is not without difficulty clearly to distinguish that and other cases. We take it the decisive questions in that case are found in the second paragraph of the syllabus:

"Corporate preferred stock guaranteed 10 per cent. out of net profits reserved to the corporation the right to redeem after a specified date, bound it to redeem before a later date, and provided that the holders, on failure to pay dividends, might foreclose a trust mortgage given to secure the stock on all the corporation's property, in which the stockholders were entitled to participate ratably. Held that the provision for a preference of $11 per share to the holders referred only to a distribution of assets as between the stockholders, without reference to the distribution of assets for the payment of debts, and that the holders of such preferred stock were stockholders, and not creditors of the corporation. and were entitled to a preference only as between themselves and the holders of the common stock."

The certificate provided that in the event of the dissolution of the corporation, the preferred stock should first be paid at $11 per share, plus dividends; that the company reserved the right to redeem the preferred stock at $11 per share, plus dividends at any time after January 1, 1911, "and said corporation expressly agrees to redeem all this preferred stock on or before January 1, 1916"; that to guarantee the payment of such dividends and to redeem the stock, the corporation had executed a first mortgage on its property. The mortgage was consented to by all the stockholders, including the claimant in that case, and recited that it was executed for the purpose of securing the payment of "said certificates of preferred stock and also to secure equally and ratably the payment of dividends in any and all such certificates of preferred stock, * * * as well as to secure the faithful keeping and performance of each and every of the terms, covenants, and conditions of said preferred stock," etc. One important distinction between that case and the one at bar is that the preferred stockholder went to the length of fixing his status as such by said recognition in the mortgage. It is not difficult thus to understand the statement in the opinion, that there was no provision in the certificate of preferred stock, which, if properly construed, is not appropriate to such certificate. A study of the syllabus above quoted discloses that the express agreement

to redeem the stock, is not the rationale of that decision. This is further borne out by the opinion, in stating that the provisions for the payment of $11 per share to the preferred stockholders on dissolution of the assets "was all the parties to the certificate intended." The holding in that case, that the claimant was a preferred stockholder, is predicated upon the peculiar facts thereof, important among which is the acknowledgment of the certificate holder in the mortgage that he was simply a preferred stockholder. If plaintiff in the instant case had consented to a mortgage, fixing his status as a preferred stockholder, that case might be authority that the absolute agreement to pay found in paragraph 3. would not constitute him a creditor.

In re Hicks-Fuller Co.. 9 Fed. (2nd Ser.) 492, is also cited by defendants. The appeal in that case was from a finding to the effect that claimants were creditors whose right to payment was junior to that of general creditors. The certificate in that case contained an obligation seemingly absolute in form to redeem the stock and other provisions which were appropriate to stockholders. The court held:

"Instruments having attributes commonly attached to preferred stock as such will, where rights of creditors are involved, be construed as stock unless a contrary intention clearly appears."

Although the court affirmed the finding that claimants were creditors whose right to payment was junior to that of general creditors, it is stated that "if this point is to be determined on general principles, we think these claimants should be held to be stockholders both as matter of reasoning and authority," citing Spencer v. Smith, supra, and other cases. Although the instrument under review has numerous attributes commonly attached to preferred stock, we cannot hold the same to be stock, because, as analyzed, the contrary intention clearly appears upon its face.

4. Plaintiff also contends for reversal that he could seek judgment on the certificate as at law, and in the same action ask for the equitable remedy of receivership because of inadequacy of legal remedy. We do not deem that this question is before us for review as a ground for reversing the judgment. The trial court, as we understand this record, did not reach or pass upon this question. Defendants contend that plaintiff did not plead facts entitling him to a receiver, but pleaded mere conclusions. If plaintiff were simply a preferred stockhold-

er, sustaining the motion of defendants to strike, and their demurrers to the petition of plaintiff, were correct. We take it that such was the ground of action of the court, and therefore the court did not pass upon the sufficiency of the petition as against demurrer, on the question of receivership. Since the judgment must be reversed and the cause remanded for further proceedings, on the ground that plaintiff is a creditor and not a stockholder, the learned trial court will proceed further according to the well-established rules governing proceedings for the appointment of a receiver. Likewise the third proposition urged by plaintiff for reversal, that the trust company is both a proper and necessary defendant. will be considered in due course. Likewise the right of plaintiff to recover judgment only on such certificates as may be due by their terms, if entitled to recover at all. It is apparent that defendants' motion to dismiss this appeal, as one from an order denying appointment of a receiver and not filed within the statutory time for such appeal, is without merit.

The allegations of the petition that the mortgage of the trust company, given by the corporation on its property and assets, was taken and given with knowledge of the rights of plaintiff and on notice by plaintiff to the corporation and the trust company that plaintiff would not give his written consent thereto, state a cause of action for priority of the claim of plaintiff against the assets under the so-called certificate of preferred stock, over the right of the trust company under its mortgage, and must be taken as true when attacked by demurrer, the truth to be determined on trial.

Let the judgment be reversed and the cause remanded for further proceedings not inconsistent herewith.

By the Court: It is so ordered.

Note.—See under (1) 14 C. J. pp. 409, 417, §574. (2) 14 C. J. p. 417, §574. (3) 14 C. J. p. 417, §574. (4) 14 C. J. p. 418, §574 (Anno). See under (1-4) 7 R. C. L. pp. 200, 201.