MARTIN J. McGAH *vs.* CHARLES F. QUIGLEY & others.

Middlesex.    February 8, 1939. — July 25, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Municipal Corporations*, Officers and agents, By-laws and ordinances. *Woburn. Bond*, Of city collector.

An ordinance of the city of Woburn, adopted pursuant to G. L. (Ter. Ed.) c. 41, § 38A, as amended by St. 1936, c. 201, having provided that the "collector of taxes" should thereafter be "designated as the city collector" with the duty, in addition to those as "tax collector," of collecting under the title of city collector "all accounts due the city, as provided by" the statute, a vote of the city council to "proceed to the election of a city collector" and an election, without any reference to "collector of taxes," elected to the single office designated by the ordinance.

Under an ordinance of the city of Woburn adopted pursuant to G. L. (Ter. Ed.) c. 41, § 38A, as amended by St. 1936, c. 201, a bond of one elected as "city collector," reciting his appointment as "tax collector" and binding him faithfully to perform "all the duties of his office as required by law," protected the city with respect to all funds collected by him in his official capacity, including "all accounts" so collected and not merely taxes.

A bond, given by one elected as city collector of Woburn and complying with the requirements of G. L. (Ter. Ed.) c. 60, § 13, as amended

by St. 1937, c. 143, § 5, was valid notwithstanding noncompliance with provisions of an ordinance of the city of 1934 requiring that it be given in a form approved by the city solicitor and that the surety company thereon be approved by the mayor.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on August 6, 1938, for a writ of mandamus.

After hearing, *Dolan*, J., ordered that the writ issue. The respondents alleged exceptions.

*J. Gorrasi*, City Solicitor, for the respondents.

*W. B. Grant*, for the petitioner, submitted a brief.

QUA, J. The object of this petition is to establish the right of the petitioner to hold the office of "City Collector and Collector of Taxes of the City of Woburn."

After rulings by the single justice in favor of the petitioner, the respondents now press their exceptions on two grounds, (1) That the petitioner was not legally elected to the office of "City Collector," and (2) That the bond which he filed with the city treasurer was not correct in form and not approved as required by law.

The first issue, and in part the second also, arise from confusion in the use of the two designations "Collector of taxes" and "City Collector" in connection with but a single office. It is provided by G. L. (Ter. Ed.) c. 41, § 38A, as amended by St. 1936, c. 201, that a city or town "may by ordinance or by-law, notwithstanding any other provision of law, general or special, provide that the collector of taxes shall collect, under the title of city or town collector, all accounts due the city or town, and may in like manner define his powers and duties in relation to the collection of such accounts." Accordingly the city of Woburn had an ordinance by which the "Collector of taxes" was thereafter to be "designated as the City Collector" and was directed, in addition to his duties as "Tax Collector," to "collect, under the title of City Collector, all accounts due the City as provided by" the statute. The statute and the ordinance did not create a new and separate office of "City Collector," but merely added new duties to the existing office of "Collector of taxes" to be performed by

the incumbent of that office under the designation of "City Collector." The same officer is variously mentioned in the ordinances as "Collector of taxes," "City Collector," "Tax Collector" and simply "Collector." When, therefore, the city council on July 7, 1938, voted to "proceed to the election of a City Collector," and all present but one voted for the petitioner, and no reference was made to "Collector of taxes," there can be no reasonable doubt that the council intended to elect and did elect the petitioner to the single office designated by the ordinance first above mentioned as city collector, but more commonly in the statutes and elsewhere referred to under the name of collector of taxes. *People* v. *Akin*, 17 Ill. 167. *Questions and Answers*, 107 Maine, 514.

So also the condition of the petitioner's bond, which after reciting his appointment as "Tax Collector" bound him faithfully to perform "all the duties of his office as required by law," protected the city with respect to all funds to be collected by the petitioner in his official capacity as collector of taxes, including "all accounts" so collected and not merely taxes alone.

There is another point relating to the bond which seems to have been saved by exception and argued on the respondents' brief and with which we must therefore deal. There is in Woburn an ordinance (Revised Ordinances, 1934, c. 3, § 2) applicable to various officers, including the "City Collector," requiring such officers to give bonds "in such form as the city solicitor shall approve" for the faithful discharge of the duties of their offices and for their accounting as required by law for moneys coming into their hands. The surety company executing such a bond is to be approved by the mayor. The ordinance includes this, "The bond of every such officer except that of City Clerk shall be executed and approved and delivered before the officer enters upon the duties of his office, and within thirty days after his election. Failure to give such bond within the required time shall render the election void." The petitioner failed to comply with this ordinance in that the form of his bond was never approved by the city solicitor,

and the surety company executing it was never approved by the mayor.

In our opinion, however, these requirements of the ordinance are no longer in force as to bonds of collectors of taxes. Prior to 1916 there was in R. L. c. 25, § 77, a simple provision that a collector of taxes should give bond to the town in a sum and with sureties approved by the selectmen. By § 1 of chapter 131 of the acts of that year a provision was added that the form of the bond should be approved by the tax commissioner. The section was revised by St. 1926, c. 65, § 2. The provision for approval of the form of the bond by the commissioner (now designated as the commissioner of corporations and taxation) was retained, but the power of the selectmen (or mayor and aldermen) to fix the sum was made subject to the condition that such sum should not be less than an amount established by the commissioner, and a requirement was added that a copy of each such bond should be delivered to the commissioner. The former provision for approval of the sureties by the selectmen was omitted, probably because it had already been enacted by St. 1924, c. 404, § 9, that every municipal officer (including collectors of taxes) required to furnish a bond with surety should furnish a surety company as such surety. It was also provided in the 1926 act that the bond should be given before the commitment to the collector of any taxes of any year. Finally by St. 1937, c. 143, § 5, a new sentence was added reading, "If the collector does not give bond as herein required, the selectmen or mayor and aldermen may declare the office vacant and the vacancy may be filled in the manner prescribed by section forty or sixty-one A of chapter forty-one, as the case may be." The entire section as it stood at the time of the petitioner's election is found in G. L. (Ter. Ed.) c. 60, § 13, as amended by St. 1937, c. 143, § 5.

These successive changes disclose a legislative purpose to standardize the form and the security of collectors' bonds and in large measure to remove these matters from local control. It seems to have been intended that only one bond should be given. The requirement of the ordinance

that the city solicitor approve the form of that bond is inconsistent with the provision of the statute by which control over the form is delegated to the commissioner. The provision of the ordinance that failure to give a bond in accordance with the ordinance "shall render the election void" is inconsistent with the provision of the statute that "If the collector does not give bond as herein required [i.e. as required by the statute], the selectmen or mayor and aldermen may declare the office vacant . . . ." The petitioner gave a bond in compliance with the statute and is entitled to hold the office to which he has been elected.

It is now provided in substance by St. 1939, c. 44, enacted since the hearing of this case, that collectors authorized to collect "all accounts" shall give bond before the collection of any account not included in a previous bond.

*Exceptions overruled.*