PETER S. WHEELOCK *vs.* AUDITOR OF SUFFOLK COUNTY & another.

Suffolk. March 7. — 14, 1881. COLT, ENDICOTT & SOULE, JJ., absent.

Mandamus will not lie to compel the city auditor of Boston, acting as county auditor, and the board of aldermen, acting as county commissioners, to audit and allow a claim of a justice of a Municipal Court for services in the commitment of insane persons to lunatic hospitals; but the remedy of the petitioner, if he is entitled to compensation, is by action at law against the city; and such right of action is not taken away by the St. of 1879, *c.* 256, § 1.

PETITION for a writ of mandamus against the auditor of Suffolk County and the board of aldermen, acting as county commissioners, to compel the respondents to audit a bill of the petitioner for services in the commitment of insane persons to lunatic hospitals after the St. of 1879, *c.* 195, took effect, and before the passage of the St. of 1880, *c.* 250. Answer, that the services rendered by the petitioner were in his capacity of a

judge of a Municipal Court in the city of Boston, and by the St. of 1877, *c.* 210, § 2, his salary as such was in full of all compen sation.

Hearing before *Lord,* J., who reported for the consideration of the full court the following case :

The petitioner was a judge of a Municipal Court, at the time of rendering the services set forth in the petition.   The charges made by him, if authorized by law, were proper and reasonable, and should be allowed.   The petitioner in due form presented his bill for these services, both to the city auditor, acting as county auditor, and to the board of aldermen, acting as county commissioners, requesting them to examine, audit and allow the account; and they refused to allow the account, solely on the ground that, as matter of law, the county was under no legal obligation to pay for the services in question.

If the county was liable to pay for the services rendered by the petitioner, the writ prayed for was to issue, if the same was a proper remedy ; otherwise, the petition to be dismissed.

*C. L. B. Whitney,* ( *W. Gaston* with him,) for the petitioner.

*E. P. Nettleton,* for the respondents.

GRAY, C. J.   The merits of this case cannot properly be determined in this form of proceeding.   If the petitioner is entitled to the fees which he claims, the amount thereof being fixed by statute, and the city of Boston being bound by the Gen. Sts. *c.* 17, § 6, to pay them, he is entitled to recover them by action at law against the city in the inferior court of appropriate jurisdiction.

The St. of 1879, *c.* 256, § 1, by which it is enacted that " the auditor of accounts of the city of Boston shall be the auditor of the county of Suffolk ; and hereafter all bills for county salaries, expenses and disbursements shall be examined, audited and allowed by said auditor prior to the payment thereof," is intended to regulate the internal administration of municipal affairs, and does not deprive a creditor of his right of action, at least after his claim has been presented to the auditor, and to the board of aldermen acting as county commissioners, and they have refused to allow it.

The petitioner having thus a clear, direct and adequate rem edy by action at law, no case is shown for the exercise of the

extraordinary jurisdiction of this court to issue the writ of man-damus. *Lexington* v. *Mulliken*, 7 Gray, 280. *Boyce* v. *Russell*, 2 Cowen, 444. *Ex parte Lynch*, 2 Hill (N. Y.) 45. *Common-wealth* v. *Commissioners of Allegheny*, 16 S. & R. 317. *Hester's case*, 2 Watts & Serg. 416. *State* v. *Union Township*, 8 Vroom, 84. *State* v. *County Judge*, 5 Iowa, 380.

In *Osborn* v. *Selectmen of Lenox*, 2 Allen, 207, the petitioner was entitled to compensation out of a particular fund only, and not to a general judgment against the town. But in the present case, if his claim is well founded, he may recover judgment in the ordinary form by action at law against the city, and levy his execution upon the property of any inhabitant. *Hill* v. *Boston*, 122 Mass. 344, 349, 350, and authorities there cited.

*· Petition dismissed.*