TOWN OF LEXINGTON *vs.* COMMONWEALTH.

SAME *vs.* CITY OF REVERE.

Middlesex.     May 10, 1932. — June 28, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Settlement.   Statute,* Construction.

One who had a settlement in a city in this Commonwealth ceased to reside there in December, 1917, when he enlisted in the United States Navy, from active service in which he was released in February, 1919. From then until January, 1924, he resided in another State, and thereafter, until July, 1925, he resided in a town in this Commonwealth. From July, 1925, to February, 1926, he again resided in the other State and then returned to the town, which furnished him aid beginning in 1929.   He was not absent from the Commonwealth for five consecutive years after August 12, 1916.   In separate proceedings by the town against the Commonwealth and against the city for reimbursement for the aid furnished, it was *held,* that

(1) Under St. 1916, c. 316; G. L. c. 116, § 5; St. 1922, c. 479; St. 1925, c. 34, the person to whom aid was furnished lost both his ordinary and military settlements in the city previous to the time when St. 1926, c. 292, took effect;

(2) St. 1926, c. 292, was not retrospective in effect so as to revivify the military settlement in the city;

(3) The town was entitled to recover against the Commonwealth but not against the city.

PETITION, filed in the Superior Court on September 26, 1930, under G. L. c. 258, § 1, to recover the amount expended by the petitioner for the support of one Bourque; also an action of

CONTRACT for the same amount. Writ dated September 23, 1930.

The petition and the action were heard together in the Superior Court by *Gray*, J., without a jury. The judge found that Bourque enlisted in the United States Navy on December 13, 1917. Other material facts found by the judge appear in the opinion. He found for the petitioner in the sum of $523.47. In the action, the judge found for the defendant. The respondent in the petition and the plaintiff in the action alleged exceptions.

The cases were submitted on briefs.

*J. E. Warner*, Attorney General, *& D. A. Foley*, Assistant Attorney General, for the Commonwealth.

*S. R. Wrightington*, Town Counsel, for the town of Lexington.

*W. P. Murray*, for the city of Revere.

WAIT, J. The town of Lexington furnished aid to one Bourque. It has complied with the formal requirements of the statutes which entitle it to reimbursement either from the Commonwealth or from Revere, according as the facts and applicable statutes render the one or the other liable. It is admitted that at one time Bourque had a settlement in Revere and also, under St. 1922, c. 177, a military settlement in that city. It is further admitted that since August 12, 1916, he has not been absent from the Commonwealth for five consecutive years. There is no dispute that after December 13, 1917, he has not resided in Revere. He last went to reside in Lexington in February of 1926, and

aid was begun to be furnished him by Lexington in August, 1929. From February 25, 1919, when he was released from active duty in the naval service of the United States, until January 12, 1924, he resided in New London, Connecticut; and again was domiciled there from July 6, 1925, until February of 1926. His domicil was in Lexington from January 12, 1924, until July 6, 1925.

By St. 1916, c. 316, which was in force when his domicil in New London began in 1919, it was provided: "Section 4. A person who, after the passage of this act, is absent for five consecutive years from the city or town in which he had a settlement shall thereby lose his settlement . . . . But the settlement existing on August twelfth, nineteen hundred and sixteen, of soldiers and their dependents . . . shall continue in force while said soldiers or dependents are actually residing in the Commonwealth until a new settlement is gained in another city or town . . . and any settlement of such soldier or dependent heretofore lost under the provisions of this section is hereby revived." G. L. c. 116, § 5, which took effect January 1, 1921, St. 1922, c. 479, and St. 1925, c. 34 continued in force the provision with relation to settlements of soldiers entitled to military aid and soldiers' relief, omitting, however, the clause of revival. By force of these statutes, it is manifest that before April 30, 1926, Bourque had lost both his ordinary and his military settlement in Revere by absence for more than five years from Revere, and by failure to reside in the Commonwealth. On this latter date St. 1926, c. 292, was approved. This statute provided: "The settlement existing on August twelfth, nineteen hundred and sixteen, or any settlement subsequently acquired, of a person whose service in or with the army, navy or marine corps of the United States qualifies him to receive aid or relief under the provisions of chapter one hundred and fifteen . . . shall not be defeated, except by failure to reside in the Commonwealth for five consecutive years or by the acquisition of a new settlement."

The Commonwealth contends that thereby the military settlement in Revere was revivified. We think these words

cannot properly be given retrospective effect; and that they do not apply to settlements which had come to an end before the statute took effect.

In the recent decision of *Brockton* v. *Conway,* 278 Mass. 219, 223, we said: "Statutes relating to the settlement and support of paupers are prospective and not retroactive in operation unless a contrary intent is made plain by unequivocal words or necessary implication"; and we cited *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 4, where the general principle is stated and authorities are collected. We see no occasion for amplification. It is true that in *Brockton* v. *Conway* a different ruling would have deprived beneficiaries of assistance, while here persons who had lost rights would regain them; but we see nothing in this statute which unequivocally or by necessary inference indicates an intent to act retrospectively. In the statute of 1916 the Legislature in express words declared its intent to revive settlements which had been lost. Had it so intended, it could have inserted a similar clause here.

The Superior Court in finding for Revere and against the Commonwealth was right. The plaintiff's exceptions in Lexington *v.* Revere and the defendant's in Lexington *v.* Commonwealth must, severally, be

*Overruled.*