GODFREY COAL COMPANY *vs.* LUKE GRAY.

Norfolk.    November 13, 1936. — December 29, 1936.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Trustee Process. Municipal Corporations,* Expenditure of money, Contracts.

The undisputed purchase price of goods delivered and accepted in complete performance of a contract with a town was attachable by trustee process in an action against the seller although at the time of the service of the writ on the town no bill had been sent and there had been no approval under G. L. (Ter. Ed.) c. 41, § 52.

CONTRACT. Writ in the District Court of East Norfolk dated May 27, 1935.

After judgment for the plaintiff, a motion to charge the town of Milton as trustee was heard and allowed by *Johnson,* J. A report to the Appellate Division for the Southern District was ordered dismissed. The defendant appealed.

*T. G. Ryan,* for the defendant.

No argument nor brief for the plaintiff.

FIELD, J. This action of contract was begun in a district court by trustee process. The town of Milton was summoned as trustee by writ served on May 31, 1935. It answered no funds, but in answer to interrogatories propounded by the plaintiff admitted that at the time of the service of the writ it was indebted to the defendant in the sum of $224.50. The plaintiff moved that the town be charged as trustee "upon its answer to interrogatories and upon evidence before the court" in that amount. The defendant was permitted to appear as a claimant. See

*Webster* v. *Lowell*, 2 Allen, 123; *Wilde* v. *Mahaney*, 183 Mass. 455, 458. The trial judge, after a hearing at which evidence was introduced, denied certain requests of the defendant for findings and rulings, allowed the plaintiff's motion to charge the trustee and disallowed the claim of the defendant. A report to the Appellate Division was dismissed and the defendant appealed to this court.

It appears from the report that evidence was introduced "tending to show that prior to May 30, 1935, the town had approved a warrant appropriating $450 for the observance of Memorial Day; that one Ernest Leavitt had ordered floral articles and wreaths from Gray to be used at various places for the observance in Milton of Memorial Day under the auspices of the G. A. R. and the American Legion . . . [and that] the defendant by May 30 had delivered all the materials and on June 1 sent a bill for $224.50." It appears also that there "was no question raised and no evidence introduced negating the authority or agency to make the order for the wreaths . . . [and there] was no evidence disputing the price or quality."

The trial judge found "that there was an acceptance of the materials on May 30, 1935 . . . that at the time of the service of the writ on the trustee, the defendant had completely performed his part of the transaction; that there was then due the defendant the sum of $224.50; that the trustee unqualifiedly admitted in its answers to interrogatories the debt to the defendant at the time of service of the writ on it . . . [and] that the bill presented by the defendant Gray was not approved for payment by the proper town authorities until some time subsequent to the service of the trustee writ upon the town treasurer."

The sole question for decision is whether, as contended by the defendant as claimant, the town was improperly charged as trustee because at the time of the service of the writ upon it the amount for which it was charged was not due absolutely and without any contingency except as to time, since the bill therefor had not then been approved for payment by the proper town authorities. See *Matthew Cummings Co.* v. *Grande*, 281 Mass. 546, 549.

This contention of the defendant cannot be sustained.

"Money cannot be attached by trustee process unless when service is made on the trustee it is due absolutely and without any contingency except that of time." *Krogman* v. *Rice Brothers Co.* 241 Mass. 295, 300. See G. L. (Ter. Ed.) c. 246, § 32, Fourth. "Money . . . due to the defendant absolutely and without any contingency may be so attached before it has become payable, but the trustee shall not be compelled to pay . . . it before the time appointed by the contract." G. L. (Ter. Ed.) c. 246, § 24.

In support of the defendant's contention that the debt to him for which the town was charged as trustee was not, at the time of the service of the writ on the town, due "absolutely and without any contingency," he relies on G. L. (Ter. Ed.) c. 41, § 52, which provides in part that "the selectmen in towns, shall approve the payment of all bills . . . before they are paid by the treasurer, and may disallow and refuse to approve for payment, in whole or in part, any claim as fraudulent, unlawful or excessive . . . and the treasurer shall not pay any claim or bill so disallowed." See also G. L. (Ter. Ed.) c. 40, § 46.

Lack of approval of payment of the defendant's bill against the town, in accordance with this statute, did not prevent the town from being indebted for money to the defendant "absolutely and without any contingency," within the meaning of the statutes governing trustee process. Such approval was not a condition precedent to liability of the town to the defendant or even to the maintenance by the defendant of an action at law against the town to collect his bill. The case in this aspect is governed by *Wheelock* v. *Auditor of Suffolk County*, 130 Mass. 486, 487. There the court had a similar statute before it providing that "The auditor of accounts of the city of Boston shall be the auditor of the county of Suffolk; and hereafter all bills for county salaries, expenses and disbursements shall be examined, audited and allowed by said auditor prior to the payment thereof." St. 1879, c. 256, § 1; see now G. L. (Ter. Ed.) c. 35, § 42. The petitioner sought by writ of mandamus to compel the auditor and other officers to

audit his bill for services. The petition was dismissed on the ground that the petitioner had a "clear, direct and adequate remedy by action at law." The court said that the statute "is intended to regulate the internal administration of municipal affairs, and does not deprive a creditor of his right of action, at least after," as appeared in the case, "his claim has been presented to the auditor, and to the board of aldermen acting as county commissioners, and they have refused to allow it." See also *Daly* v. *Medford*, 241 Mass. 336, 339–340. *Rooney* v. *County of Essex*, 292 Mass. 472, 475–476, is distinguishable, because under the statutes there considered the allowance of bills, as therein pointed out, was "a condition precedent to the existence of a valid claim." See also *Averell* v. *Newburyport*, 236 Mass. 208. Since lack of approval of payment of the defendant's bill would not have been a defence to an action by him against the town for money due, it would not preclude attachment of the debt by trustee process. See *Cavanaugh* v. *Merrimac Hat Co.* 213 Mass. 384, 385–386.

Even if, as was not decided in the *Wheelock* case, and need not be decided here, presentation of a claim and refusal to approve it for payment are conditions precedent to the maintenance of an action by a creditor of a town against the town, they are not conditions precedent to attachment by trustee process in an action against such creditor. See *Payne* v. *Baehr*, 153 Cal. 441, 445; *Graf* v. *Wilson*, 62 Ore. 476. Compare *Eureka Sandstone Co.* v. *Pierce County*, 8 Wash. 236. Presentation of a claim in the manner prescribed by statute is in the nature of a demand. The money due in this case from the town to its creditor, the defendant, was due "absolutely and without any contingency" at the time of the service of the writ on the town, even if something further in the nature of demand or notice by such creditor was necessary before he could insist as of right upon payment. While in general any defence is open on a proceeding to charge a trustee "which would be available in an action against him directly by the original defendants, his alleged creditors," (*Cavanaugh* v. *Merrimac Hat Co.* 213 Mass. 384, 385–386,) this is

not true of the defence that the money due has not become payable. See G. L. (Ter. Ed.) c. 246, § 24. Nor is it true of the defence of absence of demand or notice which the creditor of the town could give and thereby put himself in a position to maintain an action for money in other respects due "absolutely and without any contingency." The necessity of such demand or notice before the defendant's cause of action is technically complete is not sufficient alone to render a debt of the alleged trustee uncertain or contingent so as to preclude attachment thereof by trustee process. *Clapp* v. *Hancock Bank*, 1 Allen, 394, 395. *Atwood* v. *Dumas*, 149 Mass. 167, 170. *Maloney* v. *Casey*, 164 Mass. 124, 126–127. See *Hoar* v. *Marshall*, 2 Gray, 251, 253–254.

*Order dismissing report affirmed.*