CITY OF LOWELL *vs.* MASSACHUSETTS BONDING AND INSURANCE COMPANY & another.

Middlesex.　February 10, 1939. — October 25, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Bond*, Fidelity. *Municipal Corporations*, Officers and agents, Expenditure of money.

That payments, made by a city treasurer for bills and on pay rolls without the approval of the auditor or the oath required by G. L. (Ter. Ed.) c. 41, §§ 41, 52, had been made in good faith to persons to whom they were due, was no defence to an action by the city against the treasurer and the surety for breaches of a bond furnished by him as required by c. 41, § 35.

CONTRACT. Writ in the Superior Court dated October 26, 1936.

After action described in the opinion, *Brown*, J., reported the case to this court.

*J. C. Reilly*, (*J. W. Flood* with him,) for the defendants.

*W. J. White, Jr.*, City Solicitor, for the plaintiff.

LUMMUS, J.   On February 8, 1934, Charles R. Flood was chosen city treasurer and collector of taxes of Lowell under its Plan B charter (G. L. [Ter. Ed.] c. 43, § 56, *et seq.*), which amended the earlier charter.   St. 1921, c. 383.   *Gilliatt* v. *Quincy*, 292 Mass. 222.   Such an officer is bound to give bond with a surety company as surety "for the faithful performance of his duties in a form approved by the commissioner" of corporations and taxation.   G. L. (Ter. Ed.) c. 41, §§ 35, 109A; c. 4, § 7, Thirty-fourth.   *McGah* v. *Quigley*, 303 Mass. 598.   On February 8, 1935, Flood gave a bond, with the corporate defendant as surety, in the penal sum of $72,500, conditioned "that if the said Principal [i.e. Flood] shall faithfully perform all the duties of his said office, as required by law, during the period of twelve months from the date hereof or until he is relieved from office by the qualification of a successor or files a subsequent annual bond, then this obligation shall be void, otherwise it shall remain in full force and effect."

By G. L. (Ter. Ed.) c. 41, § 52, "All accounts rendered to or kept in the departments of any city shall be subject to the inspection of the city auditor or officer having similar duties," who may require an oath to the accuracy of any account, and may disallow any claim as fraudulent, unlawful or excessive; and the treasurer "shall not pay any claim or bill so disallowed."   The same section requires that "the auditor or officer having similar duties in cities . . . shall approve the payment of all bills or pay rolls of all departments before they are paid by the treasurer."   By § 41 the treasurer is forbidden to pay any salary or compensation unless the pay roll or account shall be sworn to, usually by the head of the department.   See *Godfrey Coal Co.* v. *Gray*, 296 Mass. 323.

The declaration upon the bond is in two counts.   The breach alleged in the first count is the payment of bills and pay rolls not approved by the auditor as required by § 52

and of salaries and compensation to persons in the service or employment of the city not sworn to as required by § 41, to the amount of $61,845.91.   The breach alleged in the second count is the failure to account for that amount.

The answers of the principal defendant Flood and the corporate surety began with a general denial.   Then followed allegations in substance that "if moneys were expended by him [Flood] as the plaintiff alleges or were not accounted for by him as the plaintiff alleges," they were paid in good faith to men properly hired, who had done work for the city entitling them to the compensation paid, and were paid out of sufficient unencumbered balances of appropriations; and that the want of approval by the auditor or of oath by the head of the department was a purely technical omission not affecting the substantive right of the payees to receive the money paid them, by which valid obligations of the plaintiff were discharged to its benefit and enrichment.

On motion of the plaintiff, the judge struck from the answer everything except the general denial, on the ground that the allegations struck out were "as a matter of law irrelevant and immaterial," and reported the case.   The technical impropriety of this action, instead of sustaining a demurrer to the same parts of the answer (*Marsch* v. *Southern New England Railroad*, 230 Mass. 483, 491, 492), is expressly waived, in order that the question may be presented, whether those parts of the answer set up any defence.

Plainly those allegations in the answer, if proved, would not prevent judgment for the plaintiff in the penal sum of the bond, if the breach alleged should be proved.   G. L. (Ter. Ed.) c. 235, § 9.   Those allegations could affect only the amount "due and payable in equity and good conscience for the breach of the condition," for which the court "shall award an execution."   § 10.   Even upon that issue we think those allegations immaterial.

It may be assumed that upon the facts alleged the persons paid could have recovered what was due them by action against the plaintiff without first obtaining the oath of the

departmental head or the approval of the auditor. *Godfrey Coal Co.* v. *Gray*, 296 Mass. 323, 325. *Willar* v. *Commonwealth*, 297 Mass. 527, 529. The statutory provisions relied on by the plaintiff restricted its right to make voluntary payment, but not its obligation to respond in an action. For the satisfaction of final judgments against municipalities, see G. L. (Ter. Ed.) c. 44, § 7 (11); c. 59, § 23. But the plaintiff was entitled to have its funds remain in its treasury until lawfully disbursed. It is now entitled to have all unlawful disbursements made good by the disbursing officer and his surety. *McCormick* v. *Bay City*, 23 Mich. 457, 462. *Burns* v. *Bender*, 36 Mich. 195, 198.

The restoration to the city treasury of money unlawfully disbursed is not to be delayed by an inquiry into the rights, if any, that the defendant Flood and his surety might acquire against the plaintiff by reason of such restoration, whereby in effect claims against the plaintiff would be paid with their money. The action of the Superior Court in the matters reported is

*Affirmed.*