CITY OF CAMBRIDGE *vs.* COMMONWEALTH.

Middlesex.    December 5, 1939. — June 26, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Needy Person.    Waiver.*

The rendering, annually, by a city to the State department of public welfare of accounts for money expended by the city as aid to poor persons found therein who had no lawful settlements within the

Commonwealth is a reasonable condition precedent to recovery of such sums from the Commonwealth under G. L. (Ter. Ed.) c. 117, § 18, and was not waived by the Commonwealth when, after receiving notice immediately upon the beginning of the furnishing of the aid, it contended for three years that those aided possibly had settlements in another city in the Commonwealth.

PETITION, filed in the Superior Court on April 27, 1938.

The case was heard by *F. T. Hammond*, J., and in this court was submitted on briefs.

*J. A. DeGuglielmo*, Assistant City Solicitor, & *G. P. Lordan*, for the petitioner.

*P. A. Dever*, Attorney General, & *D. J. Doherty*, Assistant Attorney General for the Commonwealth.

DONAHUE, J.  This is a petition brought by the city of Cambridge in the Superior Court under G. L. (Ter. Ed.) c. 258, § 1, to recover from the Commonwealth reimbursement for moneys amounting to $1,809.19, spent by the petitioner during the years 1935, 1936, 1937 for the aid of certain poor persons living in the city of Cambridge. The case was tried before a judge of the Superior Court on an agreed statement of facts. There was a finding for the respondent and the petitioner has appealed. *Boston & Albany Railroad* v. *Commonwealth*, 296 Mass. 426, 430. *Charles I. Hosmer, Inc.* v. *Commonwealth*, 302 Mass. 495, 498.

The following facts appear in the agreed statement of facts. The aid furnished by the city was reasonable, proper and necessary. During the years 1935, 1936, 1937, when the aid was given, the petitioner contended that the persons aided had settlements in Lynn or had no settlements in the Commonwealth, and the respondent contended that there was a possibility that they had settlements in Lynn. Upon later investigation it was agreed in October, 1938, that the persons aided had no such settlements during the years 1935, 1936, 1937, or at the time of the trial. The respondent does not contend that its department of public welfare did not receive from the board of welfare of the city proper notice, as required by statute, that the board was furnishing aid to the family in question as persons having no settlements within the Commonwealth. G. L. (Ter. Ed.)

c. 117, § 18; c. 122, § 18. The parties agreed as to the amounts expended by the department of public welfare of the city and agreed that the city did not render to the department of public welfare of the Commonwealth accounts or bills, under G. L. (Ter. Ed.) c. 121, § 42, for the moneys expended for the assistance given to the persons in question during the years 1935, 1936, 1937.

The sole issue here presented and argued is whether the petitioner, as a condition precedent to recovery against the Commonwealth, was required to render, annually, to the department of public welfare, accounts for moneys expended by the city for the aid given.

We think the pertinent statutes must be construed to mean that a city is not entitled to reimbursement from the Commonwealth for moneys expended for the assistance of poor persons who do not have legal settlements in Massachusetts, unless the city has given to the department of public welfare a detailed statement of such expenditures. G. L. (Ter. Ed.) c. 117, § 18, provides, among other things, that a "town" (which includes a city, G. L. [Ter. Ed.] c. 4, § 7, Thirty-fourth) "may furnish temporary aid to poor persons found therein, having no lawful settlements within the commonwealth, if the board of public welfare consider it for the public interest; and the board of public welfare shall in every case give written notice within five days to the department of public welfare, which shall examine the case and order such aid as it deems expedient. If it directs a discontinuance of such aid, it shall remove such persons to the state infirmary or to any state or place where they belong. . . . A detailed statement of expenses so incurred shall be rendered, and after approval by the department such expenses shall be paid by the commonwealth. . . . Reimbursement by the commonwealth under the provisions hereof shall be subject to the provisions of section forty-two of chapter one hundred and twenty-one."

The board of public welfare of the city, within five days after it began to furnish aid to the poor persons in question, gave the written notice required by the statute. The purpose of the requirement of such notice manifestly was to

afford the department of public welfare the opportunity to examine the situation and to make a decision whether it should give orders for the continuance of such aid by the city, or for its discontinuance, or for the removal of the persons to the State infirmary or to the State where they had legal settlements. The department in this case decided to have the city continue to furnish aid. The mere giving of this early notice did not entitle the city to reimbursement for moneys it should thereafter spend in aid of the needy family. The same section of the statute which provides for such notice further provides that reimbursement by the Commonwealth shall be subject to the provisions of § 42 of c. 121.

It is provided by G. L. (Ter. Ed.) c. 121, § 42, that "All accounts against the commonwealth for allowances to counties, cities and towns on account of moneys paid for which they are entitled to reimbursement by the commonwealth under the provisions of . . . [section] eighteen of chapter one hundred and seventeen . . . shall be rendered to the department [of public welfare] on or before the first day of October annually, and shall be for the twelve months ending on the thirtieth day of June preceding; and, if rendered as aforesaid, approved by the department and certified by the comptroller but not otherwise, shall be paid by the commonwealth. . . . Failure to comply with the rules and regulations of the department shall be ground for disapproval of any account." It is agreed that the petitioner did not render to the department of public welfare accounts of the moneys paid by it, for which it here seeks reimbursement by the Commonwealth.

The right of a city to reimbursement by the Commonwealth for moneys expended for aid given to poor persons within its borders, who have no legal settlements within the Commonwealth, is created by statutes. It is not an absolute right. The statutes creating the right impose the condition that such a city shall furnish yearly to the department of public welfare an account of moneys so paid, for which the city is entitled to reimbursement from the Commonwealth. It would seem to be to the advantage of a

city as well as to the advantage of the Commonwealth to have fixed the times when such accounts should be rendered by the city and payments made by the Commonwealth. The limitation in the statutes which creates the right to reimbursement, by requiring that yearly accounts be rendered, cannot be said to be unreasonable. The language of the statutes must be construed to mean that the rendering of accounts annually by a city is a condition precedent to its reimbursement by the Commonwealth.

The petitioner suggests that because the respondent contended in 1935, 1936, 1937, that the persons aided might possibly have settlements in Lynn, it waived the statutory requirement that annual accounts should be rendered and, in effect, notified the petitioner that it would not approve any account rendered under the statute. We do not think the requirement of the statute could be thus waived by representatives of the Commonwealth, or that the petitioner was thereby excused from complying with the requirement of the statute that annual accounts be rendered.

*Petition dismissed.*