ALBERT SMITH *vs.* CITY OF LOWELL & another.

Middlesex.    May 11, 1956. — July 27, 1956.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Retirement.    Pension.    Municipal Corporations,* Employees.    *Words,*
"Rate."

Where it appeared that over a period of years a city employee was re-
quired to and did work seven days a week, although by the city com-
pensation schedule he was "considered to be on a five-day forty-hour
week basis," and that "fair and adequate compensation" for such full
seven day week was fixed and paid, using the schedule "merely . . .
as a basis or guide," in an amount for five days' work called the weekly
rate and paid from a regular appropriation plus certain amounts for
the sixth and seventh days, irrespective of the hours worked on the
seventh day, which were carried on the city's books as for overtime
and were paid from a "permanent overtime" appropriation, conclusions
were proper that none of his compensation was for overtime but that
all of it was for his normal and customary work and that his "highest
annual rate of compensation" upon his retirement under G. L. (Ter.
Ed.) c. 32, § 58, as appearing in St. 1950, c. 668, § 3, must be computed
on the basis of the full amount of the weekly compensation so paid
him and not the amount paid for five days' work.

BILL IN EQUITY, filed in the Superior Court on July 2,
1953.

The suit was heard by *Sullivan,* J., on a master's report.

*Francis K. Monarski,* Assistant City Solicitor, for the
defendants.

*P. Harold Ready,* for the plaintiff.

WILLIAMS, J.    This is a bill in equity by a former em-
ployee of the city of Lowell who retired on May 24, 1953,
under the provisions of G. L. (Ter. Ed.) c. 32, § 58, as
appearing in St. 1950, c. 668, § 3, for a declaratory judgment
as to the amount of retirement allowance to which he is
entitled.    He is a veteran and at the time of retirement had
been employed in the water department for over thirty
years.    Since April, 1946, he had held the position of chief

engineer and was under civil service. Section 58 provides for an allowance computed "at sixty-five per cent of the highest annual rate of compensation, including any bonuses paid in lieu of additional salary or as a temporary wage increase in addition to his regular compensation, and including any maintenance allowance, payable to him while he was holding the grade held by him at his retirement, and payable from the same source." The group of employees with whom the plaintiff was classified was exempted by city ordinance from the effect of St. 1947, c. 649 (now G. L. [Ter. Ed.] c. 149, § 33A), which provided that work by a city employee in excess of forty hours in any week shall be compensated for as overtime.

A master, to whom the case was referred, found that as chief engineer the plaintiff was responsible for the employees in the engine room and, there being no one qualified and available to relieve him, was required to work seven days each week. For at least six years immediately preceding his retirement he had taken no vacations but accepted vacation money in an amount equal to five days' pay. According to the compensation schedule issued by the city manager, with the approval of the civil service commissioner on July 6, 1952 (see G. L. [Ter. Ed.] c. 31, § 2A [b]), the plaintiff was classified with "All Stationary Engineers, Stationary Firemen and Oilers in any City Department." "As to anybody in this category, regardless of the department employed in, the department shall be considered to be open on a seven day basis, from Saturday midnight to Saturday midnight. The days and hours of actual employment shall be as determined from time to time by the department head, except that each in this category shall be considered to be on a five-day forty-hour week basis, and the compensation for a week's work of forty hours shall be as set forth in the schedule. Should services in employment in excess of forty hours be required the first eight hours of excess service shall be at straight time and service in excess thereof shall be at time and one-half." Under the compensation schedule the plaintiff received a certain amount for five

days' work which was called the weekly rate and was paid from a regular appropriation. He received one fifth of that amount for the sixth day and for the seventh day one and one half times the amount he was paid for the sixth day regardless of the number of hours he worked, these two amounts being charged against a "permanent overtime" appropriation. His total wages in the last year of his employment were $5,991.06. The question for decision is whether his retirement allowance should be sixty-five per cent of that amount, namely $3,894.21, or $2,610.71 the amount awarded by the retirement authority which was based on his compensation for a five day forty hour week. It is agreed that "overtime pay" cannot be considered in computing the "highest annual rate of compensation." The master found that the plaintiff was entitled to the higher figure of $3,894.21, concluding that "the pay schedules promulgated from time to time by the city manager were merely used as a basis or guide by the defendant to arrive at a fair and adequate compensation for a full seven day work week the plaintiff was required to and did work." He found that "no 'overtime' as such, is involved, regardless of how it may be described in the defendant's payroll records or how the money for payment thereof was appropriated."

An interlocutory decree was entered confirming the master's report and overruling the exceptions to the report of the defendant city. A final decree entered on November 29, 1955, declared the highest annual rate of compensation earned by the plaintiff was $5,991.06; that the plaintiff is entitled to receive and the city is directed to pay an annual pension amounting to sixty-five per cent of this sum; that the city is indebted to the plaintiff in the amount of $3,403.94; and that the defendant city manager is directed "to make such orders as may be necessary to carry this decree into effect." The defendant city appealed from each decree.

The exceptions to the master's report are principally based on his alleged errors in finding certain facts and in omitting to find others. As the evidence is not reported there is no

ground on which they can be sustained. The findings of the master do not appear to be mutually inconsistent and seem to justify his conclusions. There was no error in the interlocutory decree. We are not convinced by the arguments of counsel that there was error in the final decree. The question for our decision is what was the employee's "highest annual rate of compensation." The term "rate" means the valuation of something based on comparison with some standard, and as used in the retirement statute is to be construed with reference to its context and the result intended to be accomplished. See *Central National Bank* v. *Lynn,* 259 Mass. 1, 12. The objective of the statute is to provide for a retired employee an annual allowance amounting to a certain percentage of the regular compensation received by him before retirement. It is plain that the plaintiff's regular compensation was in the amount found by the master. None of it could properly be considered payment for "overtime" because it was payment for his customary and normal work. See *Coté* v. *Bachelder-Worcester Co.* 85 N. H. 444, 447. While the wage of the plaintiff per hour was computed on the basis of wages payable for a five day forty hour week this was not the basis for his total seven day compensation. The plaintiff's retirement allowance should be calculated from his actual compensation if regularly fixed and paid. It is no sound ground for reducing it that he may have been permitted to work short hours on Sunday; that his compensation for work in excess of five days per week was carried on the city's books as overtime (see *Lowell* v. *Massachusetts Bonding & Ins. Co.* 313 Mass. 257, 271); and that a portion of his compensation was paid from an appropriation for "overtime." See *Rock* v. *Pittsfield,* 316 Mass. 348, 351.

*Interlocutory and final decrees affirmed.*