CITY OF SPRINGFIELD *vs.* COMMONWEALTH
(and a companion case).

Suffolk. March 3, 1965. — June 7, 1965.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Public Welfare. Needy Person. Commonwealth,* Claim against Commonwealth. *Pleading, Civil,* Petition. *Words,* "Approval."

G. L. c. 117, §§ 18, 19; c. 122, §§ 17, 19, 20, providing for reimbursement of municipalities by the Commonwealth for certain public welfare expenses incurred in aiding unsettled persons created obligations enforceable by the municipalities against the Commonwealth under G. L. c. 258. [270]

If a petition against the Commonwealth under G. L. c. 258 sets forth facts bringing the petitioner within the terms of a statute relied on as creating a claim enforceable under c. 258, a failure of the petition to identify that statute with particularity does not render the petition demurrable. [270]

The provisions of G. L. c. 121, § 42, and c. 122, § 17, that certain public welfare reimbursements by the Commonwealth to municipalities be upon accounts rendered to the Department of Public Welfare and "approved" by it contemplate that such approval be a mere ministerial act and not an exercise of discretion, and, in a proceeding by a municipality against the Commonwealth under c. 258 to enforce a claim for reimbursement, failure of the petition to allege that the petitioner's accounts had been approved by the department did not make the petition demurrable. [272–273]

PETITIONS filed in the Superior Court on September 5, 1963, and July 1, 1964.

The cases were heard by *Cahill*, J., on demurrers.

*Philip J. Shine*, First Assistant City Solicitor, for the City of Springfield.

*David Berman*, Assistant Attorney General, for the Commonwealth.

KIRK, J. The city of Springfield (the city) brought these two petitions under G. L. c. 258, § 1, to recover from the Commonwealth expenses which the city allegedly incurred for support and temporary aid to certain poor persons having no lawful settlements within the Commonwealth. The amounts claimed were expended in the fiscal years ending June 30, 1960, and June 30, 1962. The city avers that the accounts were rendered to the Department of Public Welfare of the Commonwealth in the manner and within the time required by law and have not been allowed and paid.

The Commonwealth demurred to each petition on the grounds that it failed to state a claim which entitled the city to relief and that it failed to specify with due particularity the statute upon which the city relied. From the order sustaining the demurrer in each case the city appeals.

The city's petitions for payment are for " 'State Sick Poor' Accounts" and " 'Temporary Aid' Accounts." The accounts are expenditures apparently under G. L. c. 117, §§ 18, 19, and G. L. c. 122, §§ 17, 19 (the latter sections were repealed by St. 1964, c. 545, § 2).

Whether the claims here involved are within the term "claims at law or in equity against the commonwealth" as it is used in G. L. c. 258, § 1, has not been expressly decided. A similar action was held not maintainable under a predecessor to G. L. c. 258, § 1, in *Milford* v. *Commonwealth*, 144 Mass. 64. The statute at that time, however, provided only for "claims against the Commonwealth which are founded on contract for the payment of money." Pub. Sts. c. 195, § 1. Similarly, it was held that an action for damages for breach of contract was not within the quoted language. *Wesson* v. *Commonwealth*, 144 Mass. 60. Within months after the two decisions the statute was amended to provide for "jurisdiction of all claims against the Com-

monwealth, whether at law or in equity." St. 1887, c. 246. This language is substantially similar to that now appearing in G. L. c. 258, § 1. "In view of the fact that the statute was passed shortly after the decisions in *Wesson* v. *Commonwealth,* and *Milford* v. *Commonwealth, ubi supra,* it is reasonable to infer that its object was to extend the jurisdiction of the courts to claims which had not been included in the previous statute, such as those which had been considered in the cases referred to . . .." *Murdock Parlor Grate Co.* v. *Commonwealth,* 152 Mass. 28, 30. See *Nash* v. *Commonwealth,* 174 Mass. 335, 338; *McArthur Bros. Co.* v. *Commonwealth,* 197 Mass. 137, 138–139.

The statutes here relevant, providing for reimbursement by the Commonwealth for certain town expenditures, employ varied language. "A town may furnish temporary aid to poor persons found therein, having no lawful settlements within the commonwealth, if the board of public welfare consider it for the public interest . . . . A detailed statement of expenses so incurred shall be rendered, and after approval by the department such expenses shall be paid by the commonwealth." G. L. c. 117, § 18. See G. L. c. 121, § 42. "Reasonable compensation for medical attendance or treatment furnished by a town under this chapter or chapter one hundred and twenty-two may be included in the expenses to be paid to such town by . . . the commonwealth." G. L. c. 117, § 19. "Towns may at their own expense send to said hospital, to be maintained at the public charge, all persons falling into distress therein and having no settlement within the commonwealth. The town shall be reimbursed by the commonwealth, upon bills approved by the department of public welfare and certified by the comptroller." G. L. c. 122, § 17. "[A]ll such persons [whose health would be endangered by removal] liable to be maintained by the commonwealth shall be supported during their sickness by the town where they are taken sick." G. L. c. 122, § 19. "Reasonable expenses incurred by a town under section nineteen . . . shall be reimbursed by the commonwealth." G. L. c. 122, § 20.

We think the quoted language shows a clear intention by the Commonwealth to assume the obligation to reimburse towns for expenses properly incurred by them in aiding poor people within the towns who have no lawful settlements in the Commonwealth. The right to reimbursement is not absolute; it is subject to the conditions in the statutes which give the right. *Cambridge* v. *Commonwealth,* 306 Mass. 358, 361. But where the conditions are met, the Commonwealth's obligation may be enforced by a proceeding under G. L. c. 258, § 1. This conclusion is supported by the long standing practice shown by previous cases wherein no objection was raised to a proceeding under G. L. c. 258, § 1, for reimbursement to a town for poor support. *Lexington* v. *Commonwealth,* 279 Mass. 571. *Cambridge* v. *Commonwealth,* 306 Mass. 358. *Somerville* v. *Commonwealth,* 313 Mass. 482.

We deal first with the ground of demurrer that the city has not specified with particularity the statute upon which it relies to recover the accounts set out in the respective petitions. Although it is indeed preferable practice for a petitioner under G. L. c. 258, § 1, to cite in his petition the relevant statute where the claim against the Commonwealth is statutory in origin, we think that failure to do so is not fatal on demurrer. It is not a requirement under our practice act, G. L. c. 231, § 7. If, as the Commonwealth argues, the petition does not give reasonable knowledge of the nature and grounds of the claim, the remedy is a request for a statement of particulars. The only requirement in this Commonwealth is that a party, enforcing a statutory right or seeking a statutory remedy, must in his pleading allege all the facts necessary to bring him within the statute or statutes relied upon. *Drowne* v. *Stimpson,* 2 Mass. 441, 444. *Wright* v. *Boston & Maine R.R.* 129 Mass. 440, 444.

It remains to be considered whether the city has alleged all the facts necessary to bring its petition within the terms of the applicable statutes. General Laws c. 121, § 42, so far as relevant, provides that "[a]ll accounts against the commonwealth for allowances to counties, cities and towns

on account of moneys paid for which they are entitled to reimbursement by the commonwealth under the provisions of . . . sections seventeen and eighteen of chapter one hundred and seventeen . . . shall be rendered to the department on or before the first day of September annually, and shall be for the twelve months ending on the thirtieth day of June preceding, and, if rendered as aforesaid, approved by the department and certified by the comptroller but not otherwise, shall be paid by the commonwealth . . . . Failure to comply with the rules and regulations of the department shall be ground for disapproval of any account. The approval of accounts by the department under this section shall have the effect of a provisional pre-audit of such accounts . . . ." Similar approval requirements appear in G. L. c. 122, § 17.

The city's petitions do not allege that the accounts were approved by the Department of Public Welfare and certified by the Comptroller. The precise question whether such approval is a prerequisite to an action against the Commonwealth on the accounts for support, so far as we are aware, has not previously been raised. In *Somerville* v. *Commonwealth,* 225 Mass. 589, 594, the court, in entering judgment for the petitioner, stated that the question of whether approval was required was not presented by the record of the case. In other cases involving petitions on accounts the defence has been limited to questions not including that of approval. *Lexington* v. *Commonwealth,* 279 Mass. 571. *Cambridge* v. *Commonwealth,* 306 Mass. 358. *Somerville* v. *Commonwealth,* 313 Mass. 482.

The crucial word "approval" may have different meanings depending upon the context in which it is used and the subject matter to which it is applied. *Brown* v. *Newburyport,* 209 Mass. 259, 265–266. It has been held to refer to the discretionary sanctioning of the preceding act of another by a person or body of persons. *McLean* v. *Mayor of Holyoke,* 216 Mass. 62, 64–65 (approval by mayor of school expenditures). *Cunningham* v. *Commissioner of Banks,* 249 Mass. 401, 419, 420 (approval by commissioner

of an increase in the capital stock of a bank). *Leroy* v. *Worcester St. Ry.* 287 Mass. 1 (approval by mayor of transit license). *Coyne* v. *Alcoholic Beverages Control Commn.* 312 Mass. 224, 228–229 (approval by commission of license application). *Louis M. Herman Co. Inc.* v. *Gallagher Elec. Co. Inc.* 334 Mass. 652, 654 (architect's approval of a building detail). *Chicopee Co-op. Bank* v. *Board of Bank Incorporation,* 347 Mass. 744, 752 (various approval powers of the Board of Bank Incorporation). In such cases the court may not substitute its own determination for that act of discretion. *Coyne* v. *Alcoholic Beverages Control Commn.* 312 Mass. 224, 229. When used in connection with the approval of bills or accounts of governmental entities and the person or body of persons authorized to give approval has discretion, the approval has been held to be a condition precedent to the right to recover, and failure to allege approval in the declaration is ground for demurrer. See *Rooney* v. *County of Essex,* 292 Mass. 473; *Rooney, petitioner,* 298 Mass. 430. On the other hand, where the approval is no more than a ministerial act, disapproval or the lack of approval does not affect the obligation of the governmental entity. The obligation may be enforced in an action on the bill or account. *Daly* v. *Mayor of Medford,* 241 Mass. 336. *Godfrey Coal Co.* v. *Gray,* 296 Mass. 323. *Lowell* v. *Massachusetts Bonding & Ins. Co.* 313 Mass. 257, 271. *Seney* v. *Board of Health of Northampton,* 314 Mass. 272. *Weiner* v. *Boston,* 342 Mass. 67.

In our judgment, the approval and certification required under the statutes in the cases before us are of the latter type. The Commonwealth has assumed the obligation to reimburse the cities and towns in the circumstances which the city alleges here. There is no indication that there is any discretion in the Department of Public Welfare to disapprove accounts properly rendered. Although the requirements of certification and approval may limit the right of the Commonwealth voluntarily to pay the accounts (we do not, however, decide that issue), they relate only to the internal administration of the department, and do

not limit the Commonwealth's obligation to respond in an action on the accounts. *Wheelock* v. *Auditor of Suffolk County,* 130 Mass. 486, 487–488. *Lowell* v. *Massachusetts Bonding & Ins. Co.* 304 Mass. 153, 155–156.

The city alleges that the accounts were rendered in the time and manner required by law. Any defence affecting the obligation of the Commonwealth to reimburse the city may be raised at the trial. *Cambridge* v. *Commonwealth,* 306 Mass. 358. See *Seney* v. *Board of Health of Northampton,* 314 Mass. 272, 276–277.

The order sustaining the demurrer is reversed in each case.

*So ordered.*